(132 So. 71)

# WADE v. STATE.

## 6 Div. 843.

Court of Appeals of Alabama.
Jan. 20, 1931.

J. B. Powell, of Jasper, for appellant.

Charlie C. McCall. Atty. Gen., for the State.

SAMFORD, J.

The defendant was indicted and convicted under section 3188 of the Code of 1923, which reads as follows:

"Any person who unlawfully takes or decoys away any child .with intent to detain or conceal it from its parents, guardian, or other person having the lawful charge of it, or who unlawfully detains any child from its parents, guardian or other person having lawful charge of it, must, on conviction, be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than two years."

The facts upon which the conviction was had are: Vergie Thompson, a girl child about three years old, was left by her parents with her grandmother. When Virgie was about eight years old the grandmother died and she then went to live with her uncle J. H. Blackwell. She lived with Blackwell as one of the family, and as she grew up she worked in the field along with Blackwell and did such other work as was required of her, receiving from him such living as was given to the family. When Vergie was a little more than seventeen years of age, this defendant with his family came to live on Blackwell's place as a tenant in one of his houses. While there on the place defendant came to know Vergie, and according to her statement: "He was just begging me to leave home, telling me I wasn't treated right; that they were working me too hard and that if I would leave there he knew a good place I could go and stay and that I could get lots more proper and better clothes than I got at my aunt's and uncle's." This witness further testified that she talked to defendant the day before she left and arranged to meet defendant; that, as planned between them, she left her uncle's house about 10 o'clock at night and met defendant on the road and went with him through the woods and byroads to Dora, to the house of a Mr. Carlisle; that they got to Mr. Carlisle's house about 7 o'clock in the morning. When Blackwell went to Carlisle's house the same morning, he found Vergie sitting on the front porch. There is no evidence in this record tending to show force, or an effort to conceal or detain the girl against her will, and when Blackwell came no effort was made to conceal Vergie or to prevent her returning with him.

The word "child," as used in the statute under consideration, is a person under the age of majority. Garrison v. State, 15 Ala. App. 596, 74 So. 726.

A person having the lawful charge of a child, not being a parent or legal guardian, but being one to whom the custody had been surrendered by the parent. is entitled to such custody as against third persons, and where an uncle of a child has taken it in infancy after it had been abandoned by the parents and made it a member of his family, the custody of such child is in him, subject always to the welfare of the child. 46 C. J. 1233.

The indictment was in five counts. Counts 1, 2, and 5 charged a violation of section 3188 of the Code of 1923; count 3 charged the use of abusive or insulting language in the presence or hearing of a female; and count 4 charged an assault and battery on the person of Vergie Thompson. All of these charges grew out of the same transaction and the offenses were all misdemeanors and of the same character. The counts were properly joined. Lowe v. State, 134 Ala. 156, 32 So. 273.

The evidence for the state was sufficient to authorize inferences of guilt justifying a refusal by the court of the general charge as requested by the defendant. Where

the evidence for the state is such, which, if believed beyond a reasonable doubt, would authorize a conviction, the general charge is properly refused.

A motion for a new trial was made and refused, but we fail to find any exception reserved to this action of the court and hence the refusal of the motion is not here for review.

In his argument to the jury the solicitor said: "The truth of the business is he thought he would get her off down there and have a good time." There was testimony by the girl Vergie which would warrant such a conclusion, and while this conclusion may have had weight with the jury we find in it no grounds for reversal.

It was relevant and proper to show by the witness Blackwell that he was Vergie's uncle, that he had had charge of her since she was three years old, and that he had supported and educated her. These facts tended to prove Blackwell's right to the custody of the girl, as against the interference of third persons.

All of that testimony, as to whether Mrs. Wade, the wife of defendant, was present at Dora at the house of Mr. Carlisle, when Vergie arrived there, and what defendant said regarding the whereabouts of his wife, was irrelevant and immaterial, and the only effect of this testimony was to prejudice the jury against this defendant. This also applies to the testimony as to where Mrs. Carlisle was at the time the girl Vergie and defendant arrived at Carlisle's house.

As we have said before, the testimony presented a jury question which justified the court in refusing the general charge. However, if the motion for new trial was here properly presented, we could then pass upon the preponderance of the testimony which would then present a different question.

For the errors as above pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.