275 So.2d 720

In re McArthur BASSETT

v.

STATE of Alabama.

Ex parte STATE of Alabama ex rel.
ATTORNEY GENERAL.

SC 146.

Supreme Court of Alabama.

Feb. 8, 1973.

William J. Baxley, Atty. Gen., and Don
C. Dickert, Asst. Atty. Gen., for petition-
er-appellee.

**260**

Rowe, Lane & Rowe, Enterprise, for respondent-appellant.

MADDOX, Justice.

The Court of Criminal Appeals, 49 Ala. App. 733, 275 So.2d 713, with one judge dissenting, reversed the conviction of McArthur Bassett for possession of illicit drugs and remanded the cause to the circuit court. On petition by the State of Alabama for certiorari, we granted the writ in order to review the opinion and judgment of the Court of Criminal Appeals, on the issue framed by that court as follows:

> "Where officers have probable cause to conduct a warrantless search not incident to an arrest, may property relating to an entirely different offense be seized, where possession of that property alone constitutes a crime?"

The Court of Criminal Appeals answered the question in the negative, apparently on the ground that since the defendant was not arrested on the drug charge at the time of the search,[1] the search was not conducted incident to the arrest on the drug charge, and even admitting that the officers had probable cause to stop and search the vehicle in which the drugs were located in connection with a robbery investigation,

---

1. A search was conducted on the streets when the car was stopped and later at the police station. A search warrant, admittedly invalid, was obtained to conduct the search at the station.

they could not seize the illicit drugs which turned up in the course of this search.

After a review of the law applicable to warrantless searches of automobiles, we are of the opinion that the judgment of the Court of Criminal Appeals is due to be reversed and remanded.

The facts of this case are strikingly similar to the factual situation presented in Chambers v. Maroney, 399 U.S. 42, 90 S. Ct. 1975, 26 L.Ed.2d 419 (1970). There, Chambers was one of four men arrested after the car in which they were riding was stopped by police shortly after an armed robbery of a service station. The arrests were made upon information given by the service station attendant and bystanders. The car was taken to the police station and searched without a warrant. The search disclosed two revolvers and cards bearing the name of an attendant at another service station who had been robbed at gunpoint a week earlier.

The Supreme Court, in Chambers v. Maroney, supra, found that the search of the car at the station house in that case was not unreasonable, and evidence obtained in the search was permitted to be introduced at the trial. Admittedly, all the guiding principles which apply to warrantless searches of automobiles are difficult to understand. The fact that there were three separate views expressed on the issue here by the Court of Criminal Appeals seems to indicate the difficulty which Fourth Amendment questions pose. But a few general principles seem to be fairly well established.

█ (1) Questions involving searches of motor cars or other things readily moved cannot be treated as questions arising out of searches of fixed structures like houses. Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964);

Chambers v. Maroney, 399 U.S. 42, 90 S. Ct. 1975, 26 L.Ed.2d 419 (1970).

█ (2) There is a limitation of time-place upon the justifiable warrantless search incident to an arrest which is applicable in motor vehicle situations. *Preston,* supra; *Chambers,* supra; Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

█ (3) In some situations the permissible object of the search is limited to weapons or the fruits or implements of the crime which may be concealed or destroyed. Cf. *Preston,* supra; Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

The Court of Criminal Appeals admits that the officers had probable cause to search the automobile for fruits of the Dothan robbery, both on the streets of Enterprise and at the police station.[2] Two members of the court decided, however, that even though the illegal drugs were discovered during this admittedly valid warrantless search, the seizure was nevertheless invalid. The other member concurred that the cause should be reversed.

The opinion of two of the judges quotes from Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947), as follows:

"... If entry upon the premises be authorized and the search which follows be valid, there is nothing in the Fourth Amendment which inhibits the seizure by law-enforcement agents of government property the possession of which is a crime, even though the officers are not aware that such property is on the premises when the search is initiated."

The two judges also cite Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.

**2.** We recognize that Judge Cates apparently does not agree that there was probable cause to conduct *any* search. We do not address ourselves to this point since it appears that a majority of the Court of Criminal Appeals thought probable cause existed to search.

2d 668 (1960), which holds that when an article subject to lawful seizure properly comes into an officer's possession in the course of a lawful search it would be entirely without reason to say that he must return it because it was not one of the things it was his business to look for.

■ We are aware that *Harris*, supra, has been overruled, in part, by Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), but we believe the statements in *Harris* are still viable to the effect that when an article subject to lawful seizure properly comes into an officer's possession in the course of a lawful search, it would be entirely without reason to say that he must return it because it was not one of the things it was his business to look for. As we read *Chimel,* it only overruled *Harris* on the permissible scope of a search incident to an arrest. *Harris* had permitted a broad area within which a search could be conducted incident to a lawful arrest. *Chimel* substantially restricted the "search incident to an arrest" exception to the warrant requirement. But, *Chimel,* as we view it, did not address the question of the seizure of evidence during a *valid search,* whether with or without a warrant. Consequently, we believe that *Harris,* and *Abel* are still good precedent for the proposition that there is nothing in the Fourth Amendment which would inhibit the seizure by law enforcement agents of property, the possession of which is a crime, even though the officers were not aware that such property was on the premises when the search was initiated.

As we understand the opinion, the Court of Criminal Appeals distinguishes *Harris* and *Abel,* saying that in *Harris* and *Abel* there was a valid search warrant and here there was no warrant. We see no reason to make this distinction between a search with a warrant and a warrantless search. If the search was *lawful,* whether with or without a warrant, then the *Harris* and *Abel* rule would apply.

■ We recognize that every search of an automobile may not be valid, and we will not attempt to spell out in specific detail the many facets of the exclusionary rule of evidence under the Fourth Amendment which has anchored itself in our jurisprudence, because the rules which determine what is and is not permissible under the Fourth Amendment are far from exact and some of the decisions of the Supreme Court of the United States seem to conflict. But as we understand the principles which are applicable in fact situations similar to those present here, we conclude that the evidence obtained in this case was not inadmissible because of the method of its seizure. See United States v. LaVallee (2 Cir., 1966), 367 F.2d 351. The judgment of the Court of Criminal Appeals is due to be reversed and the cause remanded to that court.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, COLEMAN, BLOODWORTH, McCALL and FAULKNER, JJ., concur.

JONES, J., concurs specially.

HARWOOD, J., not sitting.

JONES, Justice (concurring specially).

I agree with the majority in holding that the fruits of the warrantless search of the car made at the station house are admissible to prove a different and independent crime where such search and seizure is conducted with probable cause. I do not wish to be understood as agreeing that probable cause sufficient to support a warrantless search exists under the facts of this case. I feel that the otherwise mysterious absence of arrest of the accused, as well as the invalid search warrant, is explained by the lack of probable cause. In this respect I agree with the specially concurring opinion of Presiding Judge Cates. However, the limited review by this Court of the Court of Criminal Appeals constrains me to accept the finding of that Court that there was probable cause in this case.