285 So.2d 113

**Gene Lawrence MILLER alias**

v.

**STATE.**

**5 Div. 137.**

Court of Criminal Appeals of Alabama.

Sept. 25, 1973.

Rehearing Denied Oct. 16, 1973.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

Samford, Torbert, Denson & Horsley, Opelika, for appellant.

TYSON, Judge.

The indictment charged the appellant with the unlawful possession of Marihuana in violation of the Alabama Uniform Controlled Substances Act.[1] The Jury found the appellant "guilty of possession of Mari-

1. Title 22, Sections 258(25)–258(60), Code of Alabama 1940, as amended 1971.

huana, but decline to assess a fine," and judgment fixed punishment at imprisonment in the Lee County Jail for one year.

The State presented the testimony of Deputy Sheriffs Jerry Popwell and Ronald L. Watkins, who testified that on April 26, 1972, they had received a telephone call from one Sonny Smith, who was an undercover deputy sheriff of the Lee County Sheriff's Department, to the effect that the appellant had come by his home and offered to sell him some LSD, some Hashish, and some Marihuana, and that he had excused himself from the appellant's presence on the pretext of getting a check cashed with which to purchase it, and had telephoned Deputies Popwell and Watkins.

Undercover Deputy Smith's version of what transpired is as follows:

"A Mr. Miller told me he had about a hundred hits——tablets of LSD and 3 lids of Marihuana and several grams of hash, and asked me how much did I want to buy, and I told him that I didn't have but a few dollars on me, and I had exactly $36.00, at that time, and some change, and I said that I would go use the phone. I said that I would or——go cash a check at a store and go get some more money."

Further Deputy Smith stated that he told Deputy Watkins:

"A Yes, sir. I told him I saw them put it in a boot and put that boot into a trunk."

Deputy Watkins related that upon receiving the telephone call at about 2:30 or 3:00 in the morning, he received the following information:

"A He informed me that at that particular time, the defendant, in the accompany of two caucasian males were at his house, which is located here in Lee County, and at that time, they had in their possession, marihuana, hashish or hash, and LSD; that he was in the process of purchasing quantities of all three of these drugs from the defendant, and

that they would be returning, shortly, to the State of Georgia, by way of Lee County 12, and they would have, at that time, in their possession, a quantity of these drugs, and he furnished me a description or a partial description of their vehicle and a partial description of the defendant and the two others in his accompany."

After the two deputies stopped the vehicle in which the appellant was riding with his two companions and after getting the three men to alight from the vehicle, the following occurred:

"Q All right, did he later get out of the automobile?

"A He did, yes, sir.

"Q Were you present when Deputy Popwell, here, opened the trunk of the automobile?

"A I was. I was looking in the interior of the vehicle when Deputy Popwell opened the trunk.

"Q All right. Did——state whether or not you saw——what you saw in the trunk of the car after it was opened by Deputy Popwell?

"A He called my attention, or called me from where I was inside the vehicle to the rear, pointed out a combat boot that was in the trunk, which contained, in the bottom of the boot, two plastic bags, and the best I recall, the two plastic bags were separate, but bound together. They contained a grain of brownish, vegetable like material."

State Toxicologist Taylor Noggle testified that the substance delivered to him was "Marihuana or Cannabis Sativa L."

I ·

The appellant made a pretrial motion to suppress the evidence and also moved to exclude the evidence at the conclusion of the State's case, contending that the officers did not have probable cause at the time of stopping the vehicle in which

the appellant was riding on the rear seat, and that therefore the resulting search and seizure were unlawful.

In determining the legality of the right to search a vehicle, the Supreme Court of the United States in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, stated:

"The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law.

"The measure of legality of such a seizure is, therefore, that the seizing officer shall have reasonable or probable cause for believing that the automobile which he stops and seizes had contraband * * *"

Further, in Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879, the Court stated that:

"In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. The standard of proof is accordingly correlative to what must be proved.

" 'The substance of all the definitions' of probable cause 'is a reasonable ground for belief of guilt.' McCarthy v. De Armit, 99 Pa. 63, 69, quoted with approval in the Carroll opinion. 267 U.S. at page 161, 45 S.Ct. at page 288, 69 L.Ed. 543, 39 A.L.R. 790. And this 'means less than evidence which would justify condemnation' or conviction * * *"

As shown by the facts herein set forth, it is clear that Deputies Popwell and Watkins had probable cause for stopping the vehicle and searching same for contraband. Chambers v. Maroney, 399 U.S. 42, 90 S. Ct. 1975, 26 L.Ed.2d 419. The resulting search was incidental to the arrest made after finding the combat boot in the trunk of the vehicle with the packets of Marihuana inside, in accordance with the information received as a result of the telephone call. Such circumstances showed that the appellant and his companions were leaving the State to return to Columbus, Georgia, therefore such search and seizure was valid. Daniels v. State, 290 Ala. 316, 276 So.2d 441, and authorities therein cited.

■ Moreover, the offense of possession of illegal drugs is susceptible of joint commission, and the guilt of the accused does not depend upon proof of his ownership of the drugs. Parks v. State, 46 Ala.App. 722, 248 So.2d 761. The trial court properly overruled the appellant's motions.

## II

During closing argument, we find the following:

"MR. WRIGHT: A young 20 year old girl on heroin begged me to help her to some how get off of it. This is the most horrible thing in the world and why, because of people like that defendant sitting there——

"MR. DENSON: There is no evidence in this case of heroin. There is no evidence that the defendant had any connection with this girl that was crying for help, this morning. We think this is highly prejudicial and move for a mistrial.

"THE COURT: Well, respectfully overruled. Ladies and Gentlemen of the jury, just disregard all reference to drugs, except what you heard in evidence. There is some evidence in the case about LSD, hashish and marihuana. So, stick to those. Just the drugs that were brought into evidence in this case, and no other drugs."

■ The rule covering such situations is stated by our Supreme Court in Shadle v.

State, 280 Ala. 379, 194 So.2d 538, as follows:

" . . . Of course, it is well recognized that the granting of a mistrial is within the sound discretion of the trial court, for he, being present, is in a much better position to determine what effect, if any, some occurrence may have upon the jury's ability to decide the defendant's fate fairly and justly. And we will not interfere with the trial judge unless there had been a clear abuse of discretion. . . . "

In the trial court's oral charge, to which the appellant, after extension, announced "Satisfied," we find the following instruction:

"There is some evidence in this case about this defendant selling to Deputy Sheriff Sonny Smith, LSD, Hashish or some other kind of drug, in addition to marihuana. Well, just forget the LSD. He is not being charged with sale of LSD, and you just forget about the LSD. Forget all about the hashish. Forget about any and all drugs that were present, at any time, covered by the evidence in this case, because what this man is charged with is possession of marihuana. He is not charged with possession of LSD, and he is not charged with the sale of LSD. He is not charged of possession of hashish or the sale of hashish, or any other drug except marihuana, if marihuana is a drug . . . . "

In light of the emphatic instructions of the trial court not to consider any evidence pertaining to drugs other than that in evidence in this cause, both in its ruling in denying the motion for mistrial and in its oral charge to the jury, we do not believe that an abuse of discretion has been here shown. Poellnitz v. State, 48 Ala.App. 144, 262 So.2d 631; Rutherford v. State, 48 Ala.App. 289, 264 So.2d 210, cert. den. 288 Ala. 750, 264 So.2d 214.

We have carefully examined the record in this cause, as required by Title 15, Section 389, Code of Alabama 1940, and find no error therein. The judgment is due to be and the same is hereby

Affirmed.

CATES, P. J., and ALMON and De-CARLO, JJ., concur.

HARRIS, J., dissents.