310 So.2d 482

**Michael Lee WRIGHT**

v.

**STATE.**

**3 Div. 293.**

Court of Criminal Appeals of Alabama.

April 1, 1975.

Sam W. Taylor, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Sarah M. Greenhaw, Asst. Atty. Gen., for the State.

TYSON, Judge.

The Grand Jury charged the appellant with the unlawful possession of Marihuana after having been previously convicted of possession of Marihuana. The Jury found the appellant guilty as charged, and the trial court entered judgment, setting sentence at seven years imprisonment.

Prior to trial, the appellant had filed both a motion to quash and a motion to suppress the evidence, which was heard by the Honorable Eugene W. Carter and denied. The same objection was raised at trial and overruled.

Montgomery City Patrolman G. R. Brown testified that on September 14, 1973, he was at Police Headquarters and received a telephone call from a confidential informant in the late afternoon that the appellant was proceeding into the Cloverdale area of Montgomery, driving a green Vega Chevrolet. The informant gave Officer Brown the tag number and described the appellant. He told the officer that the appellant would be carrying Marihuana in the automobile.

On hearing the motion to suppress, and again on trial, the officer testified that the

informant had within the past two years given information which led to three convictions in the Circuit Court of Montgomery County in drug cases.

Officer Brown testified that, accompanied by Police Detective Don R. Terry, he proceeded into the Cloverdale area about 6:30 in the evening, and at the intersection of Fairview Avenue and Cloverdale Road observed the appellant driving a green Vega, which they followed. Officer Brown testified that they followed the appellant approximately three or four blocks and noticed the appellant speed up, then suddenly turn into a driveway at 3322 Cloverdale Road. While following appellant's vehicle, the officers had been in radio contact with another police vehicle, which also met them at the spot where the appellant pulled into the driveway.

Officer Brown testified that this occurred shortly before 7:15 in the evening, and that it was not quite dark. He testified that he did not have a search warrant, but advised the appellant that he was under arrest and searched the automobile, finding slightly over 800 grams or approximately two pounds of Marihuana contained in clear plastic bags in the trunk of the appellant's automobile. This testimony was corroborated by Police Detective Don R. Terry.

Alfred C. Nichols, State Toxicologist, testified that he examined the green plant material from each of the four bags and determined same to be Marihuana. The chain of possession was attested by the officers and Linda Smith of Mr. Nichols' office.

The appellant presented no testimony at trial.

I

The appellant had taken the stand at the pretrial hearing on his motion to suppress and testified that he had not been speeding, had violated no law, and was suddenly stopped as he was pulling into a friend's driveway by two cars of Montgomery City officers, who asked permission to search his vehicle. He testified that he advised the officers that they must have a search warrant before looking into his automobile, and that the officers had told appellant's friend, who had walked up at that time, to get away, that his friend had tried to telephone a lawyer in his behalf.

At the pretrial hearing, the trial court determined that there was legal evidence, which went before the grand jury, and further, that the officers had probable cause to make the arrest and search the appellant's vehicle, and denied both motions.

On trial of this cause, the trial court adhered to its original ruling over appellant's objection.

In determining the legality of the right to search a vehicle, the Supreme Court of the United States in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, stated:

"The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law. . . .

"The measure of legality of such a seizure is, therefore, that the seizing officer shall have reasonable or probable cause for believing that the automobile which he stops and seizes had contraband . . .."

Further, in Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879, the Court stated that:

"In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not techni-

cal; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. The standard of proof is accordingly correlative to what must be proved.

" 'The substance of all the definitions' of probable cause 'is a reasonable ground for belief of guilt.' McCarthy v. De Armit, 99 Pa. 63, 69, quoted with approval in the Carroll opinion. 267 U.S. at page 161, 45 S.Ct. at page 288, 69 L.Ed. 543, 39 A.L.R. 790. And this 'means less than evidence which would justify condemnation' or conviction . . .."

It is clear under the testimony of Officers Brown and Terry that probable cause for stopping and searching the appellant's vehicle existed. Bassett v. State, 290 Ala. 259, 275 So.2d 720; Daniels v. State, 290 Ala. 316, 276 So.2d 441.

The appellant was, according to the officers, speeding, and the officers had been informed by a reliable informant that the appellant was carrying Marihuana in the vehicle. Informant had also given a description of the appellant and his vehicle to the officers.

Clearly, the resulting search and seizure in the case at bar were proper. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419; United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427; Miller v. State, 51 Ala.App. 303, 285 So.2d 113, cert. denied 291 Ala. 793, 285 So.2d 117; *Bassett*, supra; *Daniels,* supra; Bridges v. State, 52 Ala.App. 546, 295 So. 2d 266.

We have carefully examined this record and find no error therein. The judgment of the trial court is due to be and the same is hereby

Affirmed.

HARRIS, DeCARLO and BOOKOUT, JJ., concur.

CATES, P. J., concurs in result only.