316 So.2d 239

**Kennard C. DEVANEY**

v.

**STATE.**

**8 Div. 584.**

Court of Criminal Appeals of Alabama.

May 27, 1975.

Rehearing Denied July 29, 1975.

No brief for appellant.

William J. Baxley, Atty. Gen., and Eric A. Bowen, Asst. Atty. Gen., for the State, appellee.

LEIGH M. CLARK, Supernumerary Circuit Judge.

Appellant was convicted under a count of an indictment charging him with manufacturing, selling, giving away or *having in his possession a still,* apparatus, appliance or any device or substitute therefor, *to be used for the purpose of manufacturing prohibited liquors or beverages.* The offense is proscribed by Code of Alabama 1940, Title 29, § 131, and by Title 29, § 133, it is made punishable by imprisonment in the penitentiary "for not less than one year, nor longer than five years, to be

fixed within these limits by the court." The indictment originally consisted of two counts, to which defendant had pleaded not guilty, but the other count, which charged him with distilling, was nol-prossed on motion of the State at the commencement of the trial. Two defendants were charged in the indictment, but appellant was tried, alone, upon request of his attorney for a separate trial.

After imposition of a sentence of imprisonment for four years in the penitentiary and the denial of a request for probation, this appeal was taken.

Two employees of the United States Treasury Department testified that in April, 1973, they found a still in Lawrence County; they noted four fuel cans nearby, and one of them made identifying marks on the cans. Later during the month, while maintaining surveillance of the still, they saw two men approach it and begin working on it. The two men fired the burners and began processing illegal alcohol, but after an hour the men left the still. The two employees of the Treasury Department identified the appellant as one of the men. The two witnesses said they had heard an automobile come down a log road near the still and stop; soon thereafter they saw the appellant and the other man come along a path to the still and, after they had busied themselves at the still as stated above, they left by the same path, going in the direction from which they had arrived and taking the fuel cans with them. By prearrangement, the two government agents radioed the sheriff of Lawrence County and another government agent of the Treasury Department, gave them a description of the two men seen at the still and requested that they be arrested as they came out of the log road to the ridge road, where the sheriff and the other government agent were waiting in an automobile.

The two witnesses who had witnessed the conduct of the defendants at the still soon joined the sheriff and the other government agent at the ridge road, where they had arrested defendant. One of the

agents took the keys of the automobile and unlocked the trunk and found the four fuel cans as marked for identification at the still.

Appellant and his codefendant testified they were in the vicinity of the still at the time stated by the agents of the Treasury Department in an effort to find where turkeys had been scratching, in the hope that they would be able to have a successful hunt in that territory the next day. They denied ownership, possession, prior knowledge of, and any connection with, the still. They said they noticed the fuel cans and picked them up to give to the brother of appellant's codefendant. They took them to the automobile, which belonged to appellant's codefendant, drove off in the automobile toward the ridge road where they were arrested.

Other details of the testimony seen unnecessary. The record fails to show any contention that the evidence in the case was not sufficient to support the verdict of the jury, and we are convinced that there is no reasonable basis for such a contention.

Defendant on the trial stoutly objected to the admission in evidence of the four fuel cans and to the oral testimony relative to the cans. It was urged that they constituted fruits of an illegal search of the automobile of appellant's codefendant. Aside from the question of the standing of appellant to raise the point, especially in the light of some testimony to the effect that appellant's codefendant consented to the search, it is our view that the search was not illegal.

In *Bassett v. State,* 49 Ala.App. 733, 275 So.2d 713, we stated:

" . . . In relation to the initial search of appellant's car on the street, the case of *Dyke v. Taylor Implement Manufacturing Co.,* 391 U.S. 216, 88 S. Ct. 1472, 20 L.Ed.2d 538, is in point. There, the court stated that a warrantless search of an automobile may be

made where 'officers conducting the search have "reasonable or probable cause" to believe that they will find the instrumentality of a crime or evidence pertaining to a crime.' ",

which statement is not impaired by the reversal of the case in 290 Ala. 259, 275 So.2d 720, or the remand thereof in 49 Ala.App. 749, 275 So.2d 724. The quoted statement, referable to a warrantless search of an automobile on a public road or street while the occupants are being lawfully arrested, is controlling against appellant in this case.

During the closing argument of counsel for the State, defendant moved for a mistrial, as shown by the following portion of the record:

"MR. GRAHAM: We object to that statement. It's prejudicial and—

"MR. PETTUS: If it's—

"MR. GRAHAM: Just a minute.

"MR. PETTUS: —improper, I will withdraw it.

"MR. GRAHAM: Well, I want it for the record. We respectfully ask the Court to declare a mistrial on the basis of a prejudicial statement that the District Attorney just made, 'That if this man is found not guilty, I don't expect to try Mr. Montgomery.' That is calculated to prejudice the minds of the jury and for no other purpose and, because of that, we respectfully ask the Court to declare a mistrial.

"THE COURT: Do you really want one?

"MR. GRAHAM: Yes, sir.

"THE COURT: Well, overruled.

"MR. GRAHAM: We except. We ask now that the Court instruct the jury not to—

"THE COURT: Well, ladies and gentlemen of the jury, that is not part of the evidence in the case. We just try

them one at a time, but I will give you instructions pertaining to that later on."

The record does not contain a transcript of the entire closing argument of the State. It does not show the context of the statement attributed to the District Attorney, "That if this man is found not guilty I don't expect to try Mr. Montgomery.", who was appellant's co-defendant. We are unable to find in the record a justification for the argument, but we cannot see that it injected prejudicial matter into the case. It is to be noted that Mr. Montgomery was not tried jointly with appellant by reason of appellant's demand for a severance. We can see the likelihood of some discussion in arguments of counsel as to that fact, which is not revealed by the record. The statement could hardly have been "an island, entire of itself." Without the benefit of the context or some explanation for the statement, we are unable to say that injury probably resulted from it. There was a withdrawal or conditional withdrawal of the statement by counsel for the State and a partial compliance, at least, with the request of counsel for defendant that the jury be instructed on the subject. The record does not show that the court would have been justified in declaring a mistrial, and we are convinced that the trial court's action in respect to the matter does not constitute prejudicial error. Any disposition otherwise on our part would and should be outweighed by due consideration of the vantage point of the trial judge to reach a correct determination of a question of this nature. *Ballard v. State,* 51 Ala. App. 393, 286 So.2d 68, cert. denied 291 Ala. 772, 286 So.2d 72; *Carroll v. State,* 45 Ala.App. 92, 225 So.2d 198, cert. denied 284 Ala. 727, 225 So.2d 200.

Pursuant to our duty under Title 15, § 389, Code of Alabama 1940, we have searched the record and find no prejudicial error to appellant.

The judgment of the trial court should be affirmed.

The foregoing opinion was prepared by Hon. LEIGH M. CLARK, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.