319 So.2d 760

**Richard VAN NOSTRAND**

**v.**

**STATE.**

**8 Div. 637.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1975.

J. R. Brooks, Jr., Huntsville, for appellant.

William J. Baxley, Atty. Gen., and Carol Jean Smith, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was indicted for the possession of 70 pounds of marihuana. He was also indicted for maintaining a dwelling house, located at Route 5, Huntsville, Alabama, where persons resorted to for the purpose of using controlled substances. At arraignment, attended by counsel, he pleaded not guilty. The jury returned a verdict finding the defendant guilty of possession of marihuana for personal use. The trial court sentenced appellant to one year in the Madison County Jail.

The evidence is uncontradicted that appellant, his wife and one William James Hillenbrand jointly rented the house located at the above address. It is further uncontradicted that on July 6, 1973, the officers went to this house armed with a search warrant and made a thorough search of the house. Upon arriving at the house they saw appellant walk off the porch and go to a blue Volkswagen. They saw appellant's wife at the front door. The officers identified themselves by showing their badges and they told appellant they had a search warrant to search the house. Appellant walked with officers to the house and his wife slammed the door and went back in the house. One of the officers went after her and she pointed a pistol directly on this officer. The officer took the pistol out of her hand and carried her into the living room.

The officers found the *southwest* bedroom door locked. They knocked on the door but got no response. They forced the door open and found Hillenbrand in bed and saw his personal effects in this room. They conducted a search of this room and found one large plastic trash bag, approximately 20 gallon size, with ten packages inside, weighing about two pounds each, containing green vegetable material believed to be marihuana. They found another large trash bag containing nine packages weighing approximately two pounds each, enclosing a green vegetable material believed to be marihuana. They found four large grocery bags containing green vegetable material, weighing about five pounds each, believed to be marihuana. In this same room they found a set of scales, a Browning automatic weapon, a Winchester pump shot gun, and six roaches with green substances believed to be marihuana.

In the *southeast* bedroom, the one occupied by appellant and his wife, they found

a few roach clips, two small plastic bags containing green vegetable material believed to be marihuana, a small tin can, about two inches high, with vegetable material believed to be marihuana, a glass jar containing roaches believed to be marihuana and a cigarette roller.

In the middle bedroom the officers found one roach containing vegetable material believed to be marihuana. In the middle east bedroom they found one roach containing vegetable matter believed to be marihuana and an ashtray on a chest. They also found three more roaches in a paper bag on the floor in front of the chest. In the living room they found one roach in the ashtray containing vegetable matter believed to be marihuana and another one in an ashtray on top of the television set.

Deputy Sheriff Pat Edwards testified that he was employed by the Madison County Sheriff's Department and that on July 5, 1973, he participated in the "stake out" of the location on Smith Road in Madison County. He stated that he viewed the house occupied by appellant and his wife and Hillenbrand and that at approximately 11:20 on the night of July 5, a red pickup truck drove into the driveway of this residence. He saw two occupants of the truck carry two large plastic bags to the porch. A girl opened the door and a male having long blonde hair pulled the bags in the house and the lights went off in the house again. This witness stated that Hillenbrand has long blonde hair. Edwards was the officer who executed the search warrant. He said they found about 58 pounds of marihuana in the room occupied by Hillenbrand.

Mr. Robert M. Patterson testified that he was employed by the State of Alabama, Department of Public Safety, Bureau of Investigation, Narcotics Unit. He participated in the search on the morning of July 6, 1973. He stated that in the *southeast* bedroom they found two plastic bags of marihuana. He also saw several grocery type bags of marihuana in the *southwest* bedroom.

After the search the officer arrested appellant, his wife and Hillenbrand and gave each of them the *Miranda* rights and warnings.

Mr. John Kilbourne testified that he was employed by the State Department of Toxicology and Criminal Investigation and had been so employed for six years. After stating his education and background experience, he testified that he received from Officer Allen Adair one brown bag containing plant material, one manila envelope containing two plastic bags containing plant material, one plastic bag containing plant material and one manila envelope containing a metal tin can which contained plant material. He testified that their evidence was turned over to him on July 9, 1973, and he put it in a locker to which he had the only key; that on September 19, 1973, he removed this material from the locker and performed a microscopic examination and a microchemical test to determine the contents. He stated he had performed many thousands of such tests. He determined the contents of the evidence submitted to him to be marihuana. There was other testimony that this evidence came from the *southeast* bedroom occupied by appellant and his wife. This evidence was subsequently introduced during the trial.

At the conclusion of the state's case appellant made a motion to exclude the state's evidence. This motion was overruled.

Hillenbrand was indicted, separately, for the same offenses as appellant. He made application to be treated as a youthful offender. His application was granted and he pleaded guilty to possessing the marihuana found in his room. He was convicted of being a youthful offender and applied for probation. His application for probation had not been decided prior to appellant's trial. He was out on bond and testified at appellant's trial.

According to his testimony all of the marijuana found in his room belonged to him and that appellant had no interest in it.

On cross-examination he testified that he and a man in a pickup truck brought the marihuana to this house between eleven and twelve o'clock on the night of July 5, 1973. He admitted that appellant and his wife knew he was going to bring the marihuana there that night. That appellant opened the door, but he was vague as to whether appellant helped him carry the marihuana to his room.

From the record:

"Q If it was dragged back there, who helped you drag it back into your room?

A I am not really sure. I couldn't swear to who helped me.

Q Didn't Ricky help you put it back there?

A I couldn't say for sure. I don't believe so.

Q But he could have?

A He could have, yes. I don't know that he did.

Q And there was other marijuana in the house at that time also, wasn't there?

A Yes.

Q In fact, there was a little bit of marijuana or some quantity of marijuana in every room, wasn't there?

A Yes.

Q And wasn't marijuana frequently smoked there by people that lived there and also by people that came there?

A Yes.

Q Weren't there a lot of partially smoked marijuana cigarette butts around the house also?

A Probably."

He further admitted that appellant and his wife were living in this house and had been living there about two weeks; that they contributed to the payment of the rent and paid their share of the rent directly to him.

Appellant testified in his behalf. He stated that none of the marihuana found in Hillenbrand's room belonged to him.

On cross-examination he admitted ownership of the marihuana found in the *southeast* bedroom occupied by him and his wife. He admitted that he contributed toward the payment of the rent on the house and he gave the money to Hillenbrand the day they moved in. He further admitted that he knew that Hillenbrand was going to bring marihuana to the house on the night of July 5, 1973. He stated that the day they moved in they brought the majority of their personal belongings. He admitted smoking marihuana and stated that some of the partially smoked cigarettes found by the officers around the house might have been his.

In *Daniels v. State,* 49 Ala.App. 654, 275 So.2d 169, this court said:

"In a prosecution for unlawful possession of narcotics it is not necessary to prove manucaption but constructive possession may be shown, and where such possession is relied upon the State must also prove beyond a reasonable doubt that the accused knew of the presence of the prohibited substance. *Rueffert v. State,* 46 Ala.App. 36, 237 So.2d 520; *Spruce v. State,* 43 Ala.App. 487, 192 So.2d 747. See cases in 16 Alabama Digest, Poisons, ☞9.

Such guilty knowledge may be established by circumstantial evidence and guilt does not necessarily depend upon ownership. *Parks v. State,* 46 Ala.App. 722, 248 So.2d 761."

The verdict of the jury finding appellant guilty of possessing marihuana for personal use had the effect of acquitting him of the felony charge of possession of mari-

huana and of maintaining a dwelling where persons resorted to buy or use controlled substances. Appellant admitted ownership of all the illegal drugs found in his room by the officers executing the search warrant.

It is sufficient to prove so much of an indictment as shows that the defendant has committed a substantial offense specified therein. *Owens v. State,* 291 Ala. 107, 278 So.2d 693; *Taylor v. State,* 47 Ala. App. 285, 253 So.2d 354.

Possession of marihuana for personal use, a misdemeanor, is a lesser included offense under an indictment charging possession of marihuana which is a felony. *Powers v. State,* 49 Ala.App. 690, 275 So.2d 369.

In *Parks v. State,* 46 Ala.App. 722, 248 So.2d 761, this court held:

"The offense of possession of illegal drugs is susceptible of joint commission. *Green v. State,* 30 Ala.App. 94, 2 So.2d 324; *Gunnells v. State,* 21 Ala.App. 648, 111 So. 320. Further the guilt of the accused does not necessarily depend upon proof of his ownership of the drugs. *Womack v. State,* 34 Ala.App. 487, 41 So.2d 429; *Thompson v. State,* 32 Ala. App. 402, 27 So.2d 55. However, there must be evidence from which the jury might conclude beyond a reasonable doubt that defendant knew of the presence of the drugs. Such guilty knowledge may be established by circumstantial evidence. *Womack v. State,* supra; *Thompson v. State,* supra."

See also *Miller v. State,* 51 Ala.App. 303, 285 So.2d 113, Certiorari denied. 291 Ala. 793, 285 So.2d 117.

The evidence in this case leaves no lingering doubt that appellant was fully aware that the house he was living in was completely saturated with marihuana, smoked and unsmoked, and this by his own admissions.

Where the evidence presented raises questions of fact for the jury, and such evidence, if believed, is sufficient to sustain the conviction, the denial of a motion to exclude the state's evidence, the refusal to give the affirmative charge and the overruling of a motion for a new trial, does not constitute error. *Drummond v. State,* 37 Ala.App. 308, 67 So.2d 280; *Wade v. State,* 24 Ala.App. 176, 132 So. 71; *Young v. State,* 283 Ala. 676, 220 So. 2d 843.

Having carefully examined the record for any reversible error, whether assigned or not, Title 15, Section 389, Code of Alabama 1940, as well as having considered all of the appellant's assignments of error, it is our opinion that the judgment of conviction should be affirmed.

Affirmed.

All the Judges concur.