AB POWELL, III, Circuit Judge.
Appellant was convicted before the Circuit Court of Houston County, Alabama, of possession of marijuana and was sentenced to eleven years imprisonment in the penitentiary of Alabama.
On the evening of July 30, 1975, Arthur Lee Thomas was employed in the Dothan City Civic Center as an operator of the lighting system used in the production of a musical concert. The appellant had parked his black van truck in the City Civic Center parking lot sometime during the afternoon of July 30, 1975, where it remained until approximately 11:00 P.M. Approximately 7:30 P.M., July 30,1975, Dothan Police Officer Sorrells received a telephone call informing him that a large quantity of marijuana was contained in and being sold out *406 of a black van truck at the Dothan Civic Center. Officer Sorrells suggested that the informant accompany the police to the Do-than City Civic Center and identify the van and this was done between 8:00 and 9:00 P.M. the night of July 30, 1975. At that time the van was parked unattended whereupon two Dothan police officers, two ABC agents and one Geneva County law enforcement officer set up surveillance of appellant’s black van truck. No officer made an effort to obtain a search warrant authorizing a search of appellant’s van. Approximately 11:00 P.M., the appellant, Arthur Lee Thomas, entered the van and the law enforcement officers asked him to step out. When appellant stepped out of the van into the parking lot he was placed under arrest for possession of marijuana and the officers at the scene proceeded to search the van, uncovering seventy-eight cellophane bags containing marijuana.
The appellant’s contentions are as follows:
(1) That the indictment was deficient and unconstitutional in that it failed to apprise appellant as to whether he was charged with a misdemeanor or a felony.
(2) That the search of appellant’s van and the seizure of seventy-eight bags of marijuana was in violation of the Fourth Amendment of the Constitution of the United States.
(3) That the trial court erred in various rulings on evidentiary matters during the course of the trial.
The indictment returned against the appellant read as follows:
“The Grand Jury of said county charge that before the finding of this indictment Arthur Lee Thomas, alias Arthur L. Thomas, whose name to the Grand Jury is otherwise unknown did have in his possession marijuana, contrary to law, against the peace and dignity of the State of Alabama.”
Examining appellant’s contention that the indictment failed to apprise him as to whether he is charged with a misdemean- or or a felony, our courts have held that the misdemeanor offense of possession of marijuana for personal use only is a lesser included offense under a felony indictment charging possession of marijuana. Van Nostrand v. State, 56 Ala.App. 141, 319 So.2d 760 (1975); Powers v. State, 49 Ala.App. 690, 275 So.2d 369 (1973). Thus, the indictment apprised appellant that he was charged with possession of marijuana, a felony, which included the misdemeanor charge of possession of marijuana for personal use only. We hold therefore that the indictment is sufficient and that the constitutional necessity of clearly informing an accused as to the nature of the charges against him is satisfied by the indictment returned against appellant. Alabama Constitution of 1901, Article 1, § 6.
Appellant contends that the warrantless search of his van and the seizure of marijuana therefrom was an unreasonable search and seizure and a violation of the Fourth Amendment to the Constitution of the United States. On trial, appellant objected to the introduction of the evidence relating to the discovery of marijuana in the van, moved the court to exclude the State’s evidence assigning the illegal search specifically as grounds and presented the question of illegal search again on motion for new trial. The trial court admitted the evidence and denied appellant’s motion to exclude the State’s evidence and appellant’s motion for new trial.
A warrantless search is a prima facie unreasonable search unless the search can be justified under one of the six exceptions as defined by Justice Bloodworth in Daniels v. State, 290 Ala. 316, 276 So.2d 441 (1973). The State contends that the search and seizure was not unreasonable because it was “incident to a lawful arrest” or “exigent circumstances” existed co-incidental with probable cause.
The officers had probable cause to arrest appellant based on the information received from a reliable informer. The question then presented is whether the ensuing search of the van was “incident” to the lawful arrest of appellant. In Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, *407 26 L.Ed.2d 419 (1970), the United States Supreme Court sanctioned the warrantless search of an impounded automobile where the officers had probable cause to believe that it contained evidence of a crime. See: Suggs v. State, 49 Ala.App. 118, 269 So.2d 136 (1972). The evidence in Chambers uncovered by the search were fruits of a robbery. Here, the officers had probable cause not only to arrest the appellant, but also to believe that appellant’s van contained marijuana, the very possession of which is in itself a criminal offense. Since probable cause existed justifying appellant’s arrest, the officers were authorized to search the van for fruits of a crime under the reasoning in Chambers. If the search is valid as to fruits of a crime it is certainly valid as to contraband, the possession of which is a crime. We hold therefore, that the war-rantless search of appellant’s van and the seizure of the marijuana contained therein was not unreasonable because it was incident to the lawful arrest of appellant. Chambers, supra; Cook v. State, 56 Ala.App. 250, 320 So.2d 764 (1975); Suggs, supra; Culbert v. State, 52 Ala.App. 167, 290 So.2d 235 (1974); Osner v. State, 54 Ala.App. 520, 310 So.2d 241, cert. denied 293 Ala. 769, 310 So.2d 247 (1975).
We have considered the trial court’s rulings on evidence adverse to appellant during the course of the trial and conclude that the rulings of the trial court were in all respects correct.
We have considered the entire record under Code of Alabama 1940, recompiled 1958, as last amended; T. 15, § 389, and from this examination we conclude that error is not made to appear.
The foregoing opinion was prepared by Honorable AB POWELL, III, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of § 38, T. 13, Code of Alabama 1940, recompiled 1958, as amended; the Court has adopted his opinion as its own.
The judgment below is hereby
AFFIRMED.
TYSON, HARRIS and DeCARLO, JJ., concur.
BOOKOUT, J., concurs specially.