HARRIS, Judge.
Appellant was indicted for the possession of marijuana. At arraignment, with counsel present, he pleaded not guilty. When his case was called for trial appellant and his counsel made known to the Court that appellant desired to withdraw his not guilty plea and plead guilty to the charge laid in the indictment. The Court accepted the guilty plea and sentenced appellant to four years imprisonment in the penitentiary. His application for probation was denied.
No contention is made that appellant’s guilty plea was not knowingly, voluntarily and intelligently made and that he had competent counsel representing him at the time his guilty plea was accepted by the trial court. Sentence was imposed on March 9, 1976. Appellant did not question the legality of the indictment by demurrer prior to pleading guilty and he did not raise any constitutional issues with respect to the statute under which he was indicted.
Appellant filed a petition for writ of ha-beas corpus on October 27,1976, in which he made the following contentions:
“That he was convicted under a statute, to-wit Title 22, Section 258(47)(a) which is void for vagueness and overbroad and thus in violation of the 14th Amendment of the Constitution of the United States, in that it:
(a) mentions ‘any person who possesses’ a controlled substance, including marijuana, when speaking of a felony and mentions ‘any person who possesses any marijuana for his personal use only is guilty of a misdemeanor’ so that any person charged thereunder for ‘possession of marijuana’ would be incapable of knowing whether he is charged with possession *499 for his own personal use or possession not for his own personal use, and thus said statute is unconstitutionally and imper-missibly vague.
(b) sweeps too broadly by failing to distinguish between possession which might or might not be for someone’s own personal use when speaking to the felony, thus enabling the conviction for a felony of a person who might have the marijuana for his own personal use, and thus the statute is overbroad and unconstitutional.
(c) lacks any adequate standard or criteria for determining whether possession is for personal use or not, and thus is void for vagueness and unconstitutional.
(d) has not been so construed or narrowed by the Alabama courts to save it from a determination of vagueness and overbreadth in violation of the 14th Amendment to the United States Constitution.”
Succinctly stated, appellant contends that the penalty provisions of the Alabama Uniform Controlled Substances Act, Title 22, Section 258(47), Code of Alabama 1940, violate both the Equal Protection Clause and the Due Process Clause of the Constitution of the United States as respects the possession of marihuana (marijuana). He claims that an indictment under this section is deficient and unconstitutional in that it fails to apprise appellant whether he is charged with a felony or a misdemeanor.
In the following cases this Court has held that an indictment charging possession of marihuana, a felony, embraces the lesser offense of possessing marihuana for personal use only, a misdemeanor. Van Nostrand v. State, 56 Ala.App. 141, 319 So.2d 760; Powers v. State, 49 Ala.App. 690, 275 So.2d 369. Haynes v. State, 54 Ala.App. 714, 312 So.2d 406; Thomas v. State, Ala.Cr.App., 342 So.2d 405, certiorari denied, Ala., 342 So.2d 407.
The indictment to which appellant pleaded guilty reads as follows:
“The Grand Jury of said County charge that, before the finding of this indictment, Donnie Butts, whose name is to the Grand Jury otherwise unknown, did have in his possession marijuana, contrary to law, against the peace and dignity of the State of Alabama.”
The indictment in the Thomas case, supra, is identical with the indictment in the Butts case. In Thomas this Court said:
“Examining appellant’s contention that the indictment failed to apprise him as to whether he is charged with a misdemean- or or a felony, our courts have held that the misdemeanor offense of possession of marijuana for personal use only is a lesser included offense under a felony indictment charging possession of marijuana. (Citing Van Nostrand and Powers, supra). Thus, the indictment apprised appellant that he was charged with possession of marijuana, a felony, which included the misdemeanor charge of possession of marijuana for personal use only. We hold therefore that the indictment is sufficient and that the constitutional necessity of clearly informing an accused as to the nature of the charge against him is satisfied by the indictment returned against appellant. Alabama Constitution of 1901, Article 1, Section 6.”
In Hanes v. State, 56 Ala.App. 711, 325 So.2d 219, certiorari denied, 295 Ala. 404, 325 So.2d 221, this Court held:
“A plea of guilty purges the record of error unless the appellant proves clearly that his plea of guilty was extorted by duress, fraud, intimidation or deception.”
The judgment of the trial court in denying appellant’s discharge and remanding him to the custody of the proper authorities is affirmed.
AFFIRMED.
All the Judges concur.