(111 So. 320)

### GUNNELLS v. STATE.   (7 Div. 323.)

(Court of Appeals of Alabama.   Feb. 1, 1927.)

**1. Intoxicating liquors ⬳167—Offense of having whisky in possession is susceptible of joint commission.**

Offense of violating prohibition law by having whisky in possession is susceptible of a joint commission.

**2. Intoxicating liquors ⬳238(1)—Evidence of possession of whisky held to present question for court, trying case without jury.**

Evidence, in prosecution for violating prohibition law by having whisky in possession, tried to the court without a jury, *held* sufficient to raise question for determination of court.

**3. Criminal law ⬳1158(1)—Court of Appeals will not disturb lower court's finding on question of fact, unless contrary to weight of evidence.**

Court of Appeals will not disturb finding of lower court on question of fact, unless it clearly appears that such finding is contrary to great weight of evidence.

Appeal from Circuit Court, Calhoun County; R. B. Carr, Judge.

F. C. Gunnells was convicted of violating the prohibition law by having whisky in his possession, and he appeals. Affirmed.

S. W. Tate, of Anniston, for appellant.

The evidence was not sufficient to justify a judgment of conviction. Allen v. State, ante, p. 23, 104 So. 867; Guin v. State, 19 Ala. App. 67, 94 So. 788; Hanson v. State, 19 Ala. App. 249, 96 So. 655; Hill v. State, 19 Ala. App. 483, 98 So. 317; Dawkins v. State, 19 Ala. App. 501, 98 So. 492; Mitchell v. State, 19 Ala. App. 248, 96 So. 653.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. This appellant was originally tried in the county court upon an affidavit and complaint which charged him with the offense of violating the prohibition law by having whisky in his possession. From a judgment of conviction in the county court, he appealed to the circuit court of Calhoun county and was there tried upon a complaint filed by the solicitor. He was tried by the court without a jury, and, from the judgment of conviction rendered, he appealed to this court.

This appeal is predicated upon one question only, the sufficiency of the evidence to sustain the judgment. It is contended by the appellant that the state failed to meet the required burden of proof. We have examined the evidence, and it discloses, without conflict or dispute, that the defendant and his brother were riding together in an automobile on the occasion of their arrest, that it was in the nighttime, and there were no lights on the car in which they were riding, and that when arrested there was 5½ gallons of whisky on the rear seat of the car, the whisky being 'covered with the cushion. It appears that the brother of defendant claimed ownership of the car and the whisky, and the insistence of appellant is that he not only had no interest in the whisky or connection therewith, but also that he ·did not know the whisky was in the car. The trial judge decided otherwise, and, as stated, convicted the defendant as charged. Exception was duly reserved.

[1, 2] The offense complained of in this case is susceptible of a joint commission. This, coupled with the patently and admitted incriminating surroundings and conditions above enumerated, presented, we think, a question for the determination of the court. In other words, a conflict of insistences is presented; the contention of the state being that the defendant and his brother were jointly in possession of the large quantity of prohibited liquors, or that this defendant was aiding and abetting his brother in the commission of the offense, and that of the defendant was to the contrary, as hereinabove stated.

[3] The trial court heard the testimony of the witnesses, saw them upon the witness stand, and thus had the opportunity of observing their demeanor and deportment while giving their testimony. As a consequence, we must adhere to the well-settled rule to the effect that this court will not disturb the finding of the lower court upon a question

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of fact, unless it clearly appears that such finding is contrary to the great weight of the evidence. We do not so regard the court's finding in this case.

Let the judgment of conviction, appealed from, stand affirmed.

Affirmed.