119 So.2d 236

**Elbert R. DAVIS**

**v.**

**STATE.**

**7 Div. 606, 607.**

Court of Appeals of Alabama.

March 15, 1960.

---

Frank B. Embry, Pell City, for appellant.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant by separate complaints was charged with operating and maintaining an unlawful drinking place, and with

illegal possession of prohibited alcoholic beverages.

The two complaints arose from the same transaction, and in the proceedings below the two cases by agreement were consolidated for trial, though separate judgments were properly entered.

In view of the consolidation below and the identical evidence in each case, we have consolidated our review.

The evidence by the State tends to show that as Mr. Hoyt Coupland, Deputy Sheriff of St. Clair County, and Mr. Sorrell, a highway patrolman, were driving on a road in St. Clair County they saw the appellant sitting on the front fender of a truck. The truck was parked fronting the edge of the road.

The officers were several hundred feet away when they first saw the appellant. They observed an automobile occupied by two couples stop at appellant's truck, and appellant took a step toward the car. Then they saw the appellant and the occupants do some "exchanging" but what was exchanged could not be seen. The appellant then pointed across the road, and the automobile crossed the road and drove down a small road leading to a pine thicket some 300 feet away.

The officers stopped at the truck. A small tent with a cot in it stood some 25 or 30 feet back of the truck. The officers searched the tent and surrounding area. They found some empty beer cans, and in the truck some beer can openers, but no beer or whiskey.

The car containing the couples returned to the main road during this time, and Mr. Coupland was unsuccessful in his efforts to halt it.

The officers then went to the thicket where the car had been parked. Here they found two twenty gallon metal drums about half full of beer (beer in cans we assume), some empty beer cans scattered about, brown paper bags, beer can openers, and several blocks of ice in sacks.

Upon this evidence the jury returned a verdict of guilty in each case, and judgments were entered accordingly.

■ The appellant was entitled to have given his request for the affirmative charge, with hypothesis, and to have granted his motion for a new trial, both as to the possession charge and to the charge of maintaining an unlawful drinking place.

■ Possession can be either actual or constructive. Clearly there was no actual, or manucaptive possession shown by the evidence. Nor can any constructive possession of the beer by the appellant be inferred from the evidence without resort to surmise and speculation.

Constructive possession may arise where prohibited liquor is found on premises owned or controlled by the accused, provided the State further shows facts enabling a jury to conclude beyond a reasonable doubt that the accused knew of the presence of the prohibited beverage. Grimes v. State, 38 Ala.App. 94, 76 So.2d 684.

In the present case not an iota of evidence was presented relative to the ownership or control of the land whereon the beer was found.

■ Constructive possession of the beer by the appellant in this case must therefore be shown by acts of dominion over the beer. The evidence is entirely insufficient in this regard. The finding of empty beer cans in the area where the appellant's truck was found, and beer can openers in the truck, in connection with the finding of the beer, empty beer cans, beer can openers, etc., at a place 300 feet away and across a public road does not establish to the required degree, possession of the beer by the appellant. Hudson v. State, 249 Ala. 372, 31 So.2d 774. Nor can we see that the fact that the appellant pointed across the road and "exchanged" something with the occupants of the automobile can have any real probative force. Any conclusions to

**612**

be drawn from this act, or acts, rests upon speculation and surmise.

■ To sustain the charge of maintaining an unlawful drinking place, the State must show the accused's maintenance of the unlawful drinking place, or his aid and abetment therein. The evidence below is wholly insufficient in this regard, such conclusion being obvious from a consideration of the evidence as above outlined.

■ The State has moved to strike the record in the appeal in case No. 606, 7th Division, relating to maintaining an unlawful drinking place, on the ground that the record was not timely filed in this court. It is the Attorney General's contention that since the record fails to contain the transcript of the evidence, and fails to show an effort to obtain a transcript, it should have been filed in this court within 60 days of the date of notice of appeal under the rule of Duke v. State, 264 Ala. 624, 89 So.2d 102.

The doctrine in the Duke case, supra, can have no application to the present motion.

We know from the record filed in the unlawful possession case (7th Div. 607), that the two charges against this appellant, arising out of the identical facts, were consolidated for trial, that a transcript of the evidence was obtained, and timely filed, and this transcript was certified by the court reporter as to both cases. Not only was an effort made to obtain a transcript of the evidence, but such transcript was actually obtained, filed within time in court below, and the full record was timely filed in this court.

The motion to strike the record in the maintenance of an unlawful drinking place case is therefore denied.

■ As prepared by the clerk below, the record in the unlawful possession case is a full record, while in the unlawful drinking place case the record is a record proper only, that is, it contains no transcript of the evidence.

Had the clerk below bound both records together, there could be no doubt our review should cover both judgments. Under the consolidation of the cases for trial in the court below, we think the ends of justice require that both judgments be examined in relation to the evidence submitted regardless of whether the clerk actually bound the records together.

For the reasons pointed out, the judgment in each case is reversed.

Reversed and remanded.