248 So.2d 761

Rayford A. PARKS

v.

STATE.

4 Div. 70.

Court of Criminal Appeals of Alabama.

May 25, 1971.

Greene & Pope, Phenix City, for appellant.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Appellant, Rayford A. Parks, appeals from a conviction for the offense of illegal possession of narcotics. Punishment was fixed at ten years in the penitentiary.

The evidence for the state tends to show that on the night of February 18, 1970, the automobile in which the defendant was riding as a passenger was stopped by the Phenix City Police in Phenix City, Russell County, Alabama, and the driver, Willie Clyde Parks, defendant's brother, was placed under arrest for driving while intoxicated.

Officer Donaldson testified that while attempting to remove the car from the road, he and his companion noticed two large paper sacks, approximately a foot high, on the floorboard of the car immediately behind the driver's seat. One of the sacks was open and Officer Donaldson observed that it contained small bottles and boxes. The defendant was asked to get out of the car and present identification. The two police officers, without further investigation, then called for detectives.

When the detectives arrived both occupants were outside the car. Detective Elkins testified that he looked in the car window and observed, by the use of a flashlight, the word "narcotic" across a label over the caps of bottles in the open sack. He then asked Officer Donaldson to place the defendant under arrest for suspicion of possession of narcotics. Detective Elkins removed the sacks from the automobile and turned them over to Captain Williams, who testified that he removed two boxes and a bottle from the sacks and delivered them to Dr. James Small, of the Alabama State Department of Toxicology and Criminal Investigation.

Dr. Small testified that one box delivered to him contained ampules of clear liquid containing demoral hydrochloride, also known as isonipecaine. The other box contained tablets identified as containing morphine. The bottle contained a liquid identified as opium alkaloids.

 The sacks were not obtained as the result of a search of the automobile, as they were in plain view on the floor of the car. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067; Segers v. State, 283 Ala. 694, 220 So.2d 882. Nor does the fact the lack of daylight required the use of a flashlight to view from the outside the contents of the car, constitute a search and make the plain view doctrine inapplicable to this case. United States v. Williams, 416 F.2d 4 (5th Cir. 1969);

Sheridan v. State, 43 Ala.App. 239, 187 So.2d 294; People v. Linden, 185 Cal.App. 2d 752, 8 Cal.Rptr. 640. The motion to suppress this evidence was properly denied.

■ The indictment charged the appellant with unlawful possession of one bottle containing opium alkaloid; twenty ampules containing isonipecaine, and one hundred tablets containing morphine. The appellant contends that there is a fatal variance as the state failed to prove the appellant's possession of the exact quantity of narcotics as alleged in the indictment. Such is not a variance. It is sufficient to prove only so much of an indictment as shows that the accused has committed a substantial offense specified therein. Fuller v. State, 39 Ala.App. 219, 96 So.2d 829; Blakeney v. State, 244 Ala. 262, 13 So.2d 430.

At the close of the state's case the appellant moved to exclude the evidence presented on behalf of the state on grounds that the state failed to prove a prima facie case against the defendant that there was no evidence of a conspiracy or an aiding or any other act by the defendant to connect him with the evidence introduced as being illegal drugs, and further that the defendant was not shown to have exercised any control or dominion over the automobile in which the illegal drugs were found. The appellant offered no evidence in his behalf.

In Rueffert v. State, 46 Ala.App. 36, 237 So.2d 520, this court noted:

The well established rule in cases involving possession of prohibited liquors is that where actual manucaption is not shown and constructive possession is relied upon, the state must show beyond a reasonable doubt, in addition to the constructive possession, that the accused knew of the presence of the prohibited beverages. Grimes v. State, 38 Ala.App. 94, 76 So.2d 684; Davis v. State, 40 Ala.App. 609, 119 So.2d 236. The rules of evidence in a prosecution for possession of marijuana are the same as those applicable in every other criminal case.

■ The offense of possession of illegal drugs is susceptible of joint commission. Green v. State, 30 Ala.App. 94, 2 So.2d 324; Gunnells v. State, 21 Ala.App. 648, 111 So. 320. Further the guilt of the accused does not necessarily depend upon proof of his ownership of the drugs. Womack v. State, 34 Ala.App. 487, 41 So. 2d 429; Thompson v. State, 32 Ala.App. 402, 27 So.2d 55. However, there must be evidence from which the jury might conclude beyond a reasonable doubt that defendant knew of the presence of the drugs. Such guilty knowledge may be established by circumstantial evidence. Womack v. State, supra; Thompson v. State, supra.

■ The proof introduced by the state showed that the accused was a passenger sitting on the right side of the front seat of an automobile being driven by another. The police testified they stopped the automobile because, "The vehicle was driving all over the road." The driver was placed under arrest for driving while intoxicated. There was no evidence of any incriminating statement by the accused, nor evidence of attempted flight after the detectives determined that the automobile contained narcotics. In our opinion, mere presence of a defendant in an automobile is not sufficient to establish the requisite knowledge of the presence of the drugs or to prove defendant guilty of aiding and abetting in the illegal possession. The defendant was entitled to have granted his motion to exclude the state's evidence. Hudson v. State, 249 Ala. 372, 31 So.2d 774; Davis v. State, 40 Ala.App. 609, 119 So.2d 236; Rikard v. State, 31 Ala.App. 374, 18 So.2d 435; Farmer v. State, 19 Ala.App. 560, 99 So. 59; People v. Foster, 115 Cal.App.2d 866, 253 P.2d 50.

Cases in this jurisdiction which have previously dealt with the issue of sufficient evidence to justify a finding of guilty knowledge of an illegal substance in a vehicle or on premises of the accused, where

constructive possession is relied upon, are readily distinguishable as involving facts and circumstances in addition to the mere presence of the accused. See Thomas v. State, 37 Ala.App. 179, 66 So.2d 189; Womack v. State, supra; Barnes v. State, 34 Ala.App. 183, 38 So.2d 21; Thompson v. State, supra; Green v. State, supra.

For the error pointed out hereinabove the judgment is due to be reversed.

Reversed and remanded.