293 So.2d 312

**James Lester RADKE, alias**

v.

**STATE.**

**4 Div. 231.**

Court of Criminal Appeals of Alabama.

Dec. 4, 1973.

Rehearing Denied Jan. 2, 1974.

Rowe, Lane & Rowe, Enterprise, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and Samuel L. Adams, Sp. Asst. Atty. Gen., Dothan, for the State.

CATES, Presiding Judge.

Possession of marihuana: sentence, six years in the penitentiary.

I

The appellant was present in the Burger Inn in Enterprise when State officers staged a dragnet raid. In a storeroom the searchers found a box which held about nineteen pounds of marihuana.

Shortly before this raid a State witness, Officer Freddie Strength had sub rosa approached Marcus Polk, an employee of the Burger Inn. Strength, wearing "blue jeans, shirt and a pair of boots" drove up in a gold Chevrolet. Inside the Inn he conversed with Polk.

Strength went into the storeroom with Polk. Polk got the marihuana down from a shelf. Radke apparently followed them, for Strength testified, "It was a subject behind me, I turned and looked, it was the defendant, Mr. Radke." Strength asked how much marihuana was in the box. "Both replied, twenty pounds."

It is evincingly clear that Radke never touched the marihuana. Nor did he ever enter into the bargaining negotiations between Polk and Strength. Whatever might have developed is, on this record, unknown because as Polk was asking Radke to get a scale the raiding party irrupted into the hamburger establishment. The transcript is silent as to whether or not Radke either heard or complied with Polk's request to fetch the scale.

Radke's assertion with that of Polk that the box held twenty pounds came only after Strength had opened the box. (R. 78, 84, 87). All conversation about sale and deliv-

ery took place only between Polk and Strength. Radke was an onlooker, though only part of the time; he never touched the contraband. (R. 87). He was not an employee of, or in any way associated with the Burger Inn. His only words were "twenty pounds." No testimony was given of any word or circumstance emanating from Radke that he knew of the marihuana before he followed Polk and Strength to the storeroom door.

We find nothing in the testimony in the presence and hearing of the jury—and no record page citation is given—to support the State's assertion in brief that Polk *and appellant* took Strength to the back room. Albeit Polk and Strength were careless in not excluding a curious restaurant customer, logically their unfurtiveness does not, on this record, bring Radké within the nexus of their supposed conspiracy.

## II

■ Possession—the visible possibility of exercising physical control over personalty—is usually divided as actual (manucaptive) or constructive. Possession has three attributes: (1) actual or potential physical control, (2) intention to exercise dominion and (3) external manifestations of intent and control. 72 C.J.S. pp. 233–235.

In Davis v. State, 40 Ala.App. 609, 119 So.2d 236, Harwood, P. J., wrote:

"The appellant was entitled to have given his request for the affirmative charge, with hypothesis, and to have granted his motion for a new trial, both as to the possession charge and to the charge of maintaining an unlawful drinking place.

"Possession can be either actual or constructive. Clearly there was no actual, or manucaptive possession shown by the evidence. Nor can any constructive possession of the beer by the appellant be inferred from the evidence without resort to surmise and speculation.

"Constructive possession may arise where prohibited liquor is found on premises owned or controlled by the accused, provided the State further shows facts enabling a jury to conclude beyond a reasonable doubt that the accused knew of the presence of the prohibited beverage. Grimes v. State, 38 Ala.App. 94, 76 So.2d 684.

"In the present case not an iota of evidence was presented relative to the ownership or control of the land whereon the beer was found.

"Constructive possession of the beer by the appellant in this case must therefrom be shown by acts of dominion over the beer. The evidence is entirely insufficient in this regard. The finding of empty beer cans in the area where the appellant's truck was found, and beer can openers in the truck, in connection with the finding of the beer, empty beer cans, beer can openers, etc., at a place 300 feet away and across a public road does not establish to the required degree, possession of the beer by the appellant. Hudson v. State, 249 Ala. 372, 31 So.2d 774. Nor can we see that the fact that the appellant pointed across the road and 'exchanged' something with the occupants of the automobile can have any real probative force. Any conclusions to be drawn from this act, or acts, rests upon speculation and surmise."

This court has applied the same requisites of proof of constructive possession laid down in prohibited liquor cases to cases involving narcotics. See Pryor v. State, 48 Ala.App. 465, 265 So.2d 907.

We quote from Rueffert v. State, 46 Ala.App. 36, 237 So.2d 520:

"The well established rule in cases involving possession of prohibited liquors is that where actual manucaption is not shown and constructive possession is relied upon, the state must show beyond a reasonable doubt, in addition to the constructive possession, that the accused knew of the presence of the prohibited

beverages. Grimes v. State, 38 Ala.App. 94, 76 So.2d 684; Davis v. State, 40 Ala.App. 609, 119 So.2d 236. The rules of evidence in a prosecution for possession of marijuana are the same as those applicable in every other criminal case.

"The automobile was not in defendant's actual possession or under his control for sometime before the search. If the mere ownership of the car can be said to constitute constructive possession of the marijuana, there is still an entire failure of evidence tending to prove that defendant knew of its presence in the automobile."

In Parks v. State, 46 Ala.App. 722, 248 So.2d 761, Price, P. J., also wrote:

"The offense of possession of illegal drugs is susceptible of joint commission. Green v. State, 30 Ala.App. 94, 2 So.2d 324; Gunnells v. State, 21 Ala.App. 648, 111 So. 320. Further the guilt of the accused does not necessarily depend upon proof of his ownership of the drugs. Womack v. State, 34 Ala.App. 487, 41 So.2d 429; Thompson v. State, 32 Ala. App. 402, 27 So.2d 55. However, there must be evidence from which the jury might conclude beyond a reasonable doubt that defendant knew of the presence of the drugs. Such guilty knowledge may be established by circumstantial evidence. Womack v. State, supra; Thompson v. State, supra.

"The proof introduced by the state showed that the accused was a passenger sitting on the right side of the front seat of an automobile being driven by another. The police testified they stopped the automobile because, 'The vehicle was driving all over the road.' The driver was placed under arrest for driving while intoxicated. There was no evidence of any incriminating statement by the accused, nor evidence of attempted flight after the detectives determined that the automobile contained narcotics. In our opinion, mere presence of a defendant in an automobile is not suffi-

cient to establish the requisite knowledge of the presence of the drugs or to prove defendant guilty of aiding and abetting in the illegal possession. * * *"

 We conclude that the State's quantum of proof was insufficient to let the cause go to the jury. To view the evidence otherwise would condone resort to speculation and surmise rather than to concrete circumstances. Suspicion justifies investigation, but when investigation reveals only ambivalent circumstances there is left a reasonable doubt of guilt.

The judgment below is reversed and the cause is thereto remanded for trial de novo.

Reversed and remanded.

All the Judges concur.