Violation of Uniform Controlled Substances Act; sentence: two years.
On June 6, 1975, at approximately 5:00 P.M., the police searched a residence at 1430 24th Street, North, in Birmingham. The search was conducted with a warrant which was issued pursuant to a tip from a reliable informant. The police found a foil packet on the top shelf in a pantry immediately adjacent to the kitchen. The packet contained 79 milligrams of powder, 6.16 milligrams of which were heroin. That amounted to a speck of the illegal substance. (28,350 milligrams equal one ounce.) In addition the police found 68.2 grams (approximately 2.4 ounces) of marijuana in a paper sack located in a stove pipe beneath the steps in the basement. The appellant, his wife, his child and apparently another adult were present when the search took place. The appellant was indicted, tried and convicted for possession of heroin and possession of marijuana, alleged in the conjunctive in a one count indictment.
The appellant presents several arguments which at first blush would appear to require this case to be reversed. However, we need only consider one of those arguments at this time.
At the end of the State's case, the appellant moved to exclude the State's evidence for failure to prove possession. The appellant contends the trial court erred to reversal in denying the motion. We are constrained to agree.
It is obvious that the appellant was not in actual possession of the contraband. The State argues that the appellant had constructive possession of the substances. Three elements essential for proof of possession of contraband are set out inDeGruy v. State, 56 Ala. App. 521, 323 So.2d 406, cert. denied295 Ala. 399, 323 So.2d 411 (1975). Those elements are:
 ". . . (1) actual or potential physical control (2) intention to exercise dominion and (3) external manifestations of intent and control. . . ."
The State offered no proof that the appellant owned, leased, or lived in the residence where the contraband was found. Although the residence had been under surveillance for approximately two weeks prior to the search, no one testified that the appellant or his family were ever at the residence other than the afternoon of the search. There was no testimony that the appellant had any knowledge of or connection with the contraband found by the police.
For aught that appears in the transcript of evidence, the appellant and his family could have entered the residence for the first time immediately prior to the search. They may have been there on a social visit. Their actual status on the premises is left to speculation and conjecture. Mere presence in a place where contraband is found is not equivalent to constructive possession. DeGruy, supra; Radke v. State,292 Ala. 290, 293 So.2d 314, affirming 52 Ala. App. 397,293 So.2d 312 (1974); Williams v. State, (1976) Ala. App., 340 So.2d 1144.
The State failed to prove either actual possession or constructive possession. Even had the facts constituted constructive possession, that alone would have been insufficient. The late Presiding Judge Price stated in Rueffertv. State, 46 Ala. App. 36, 237 So.2d 520 (1970):
 "The well established rule in cases involving possession of prohibited liquors is that where actual manucaption is not shown and constructive possession is relied upon, the state must show beyond a reasonable doubt, in addition to the constructive possession, that the accused knew of the presence of the prohibited beverages. Grimes v. State, 38 Ala. App. 94, 76 So.2d 684; Davis v. State, 40 Ala. App. 609, 119 So.2d 236. The rules of evidence in a prosecution for possession of marijuana are the same as those applicable in every other criminal case."
When concerned with the sufficiency of evidence, we can only review the evidence presented to the jury at trial. There was no evidence presented that the appellant *Page 185 
had knowledge of or possession of the contraband in question.
REVERSED AND REMANDED.
TYSON, P.J., and CATES, J., concur.
HARRIS and DeCARLO, JJ., concur in result only.