The appellant was convicted for the illegal possession of marijuana contrary to the provisions of the Alabama Uniform Controlled Substances Act. He was sentenced to a two year term in the penitentiary and fined five hundred dollars. He was represented by privately retained counsel in the trial court. He is in this court with a free trial transcript and trial counsel has been appointed to represent him on appeal.
The basic facts in this case are not complicated. The evidence presented by the state revealed that at 1:25 on the morning of February 27, 1976, the appellant was stopped by officers of the Oxford Police Department within the city limits of Oxford, Alabama. The appellant was stopped for reckless driving. In pulling the car of the appellant off the highway to prevent any obstruction to passing motorists, one of the arresting officers found three bags of marijuana on the passenger's side of the front floorboard of the automobile. Subsequently it was discovered that the automobile was registered to one Diana Woolf. The appellant was arrested for reckless driving and possession of marijuana. When he refused to take a P.E.I. test later that same morning, he charged with D.W.I.
The appellant in his defense maintained that he had borrowed the car from one Charles Jones to go get some more beer for a party or "get-together" he and his wife *Page 91 
were attending that night. According to the evidence presented by the appellant, his personal vehicle was blocked in a driveway by several other cars. Jones was the last person to arrive at the party and naturally, his car would have to be moved in order for the appellant to use his own car. When the appellant asked Jones to move his car, Jones simply threw the appellant his keys and told him to take his car.
The appellant admitted seeing the bags on the floorboard, but contended that he did not know what was in them and did not consider it any of his business.
 I
The appellant initially contends that the evidence is insufficient to sustain a conviction. In support of this, he lists seven factors which he alleges would negative any hint of constructive possession:
 (1) The appellant did not know the substance was marijuana.
(2) He did not know the odor or smell of marijuana.
 (3) There was no evidence of a prior conviction for drug sales or possession against the appellant.
 (4) There was no evidence that the appellant was smoking any substance when arrested.
 (5) When arrested, the appellant was driving a borrowed vehicle.
 (6) The appellant did not attempt to restrain the police officers from entering this vehicle.
and
 (7) There was no evidence of attempted flight by the appellant.
The legal principles applicable to a case of this nature are clear. In order to convict a defendant of the offense of possession of a prohibited drug or substance, the prosecution must establish that the defendant was in actual or constructive possession of the narcotics, coupled with knowledge of the presence of the drug. Arnold v. State, Ala.Cr.App.,339 So.2d 162 (1976). The mere presence of a defendant in an automobile is not sufficient to establish the requisite knowledge of the presence of the drug. Pryor v. State, 48 Ala. App. 465,265 So.2d 907 (1972). Mere presence in a place where contraband is found is not equivalent to constructive possession. Cook v.State, Ala.Cr.App., 341 So.2d 183 (1977) and authorities cited at 184.
Constructive possession may be determined by weighing those facts which tend to support the defendant's necessary control over the substance against those facts which demonstrate a lack of dominion and control. Those facts which would demonstrate that the appellant did not have control of the marijuana are set forth above.
We will now examine those facts and circumstances which tend to support the appellant's necessary control over the marijuana and show his knowledge of its presence. The marijuana was found on the front floorboard of the automobile on the passenger's side. It was not concealed and it was in plain view. Officer Gerald Owen testified that when he sat in the automobile he "couldn't help but see" the bags. The marijuana itself was packaged in three brown grocery bags. Officer Owen testified that:
 "One of them (bags) was sealed shut, and one of them was torn open, you know, like it was looked at, and the other one was open with stems sticking out the sides."
Two of these bags were in a large plastic garbage bag. The third brown paper bag was laying beside the plastic bag. Owen stated that when he sat down in the automobile he "could smell the odor of marijuana".
Officer Bobby L. Austin was also present at the time of the appellant's arrest. He testified that he advised the appellant of his rights a second time at the police station in the presence of several other officers. After he finished, one of the officers asked him "about how much marijuana do you think that is?" Austin replied that it looked to him like approximately fifteen pounds. Then the appellant immediately *Page 92 
proclaimed, "Hell, no, its ten pounds exactly". Examination by a state toxicologist showed the bags to weigh a little more than nine pounds.
At the hearing held immediately prior to trial and outside the presence of the jury, the appellant testified that he was not read his constitutional rights. At trial, the appellant stated that he knew the bags were in the car but did not know that they contained, that he did not put the bags in the car, that he did not know Charles Jones, that he did not open any bag or see any bag open, and that he did not know the smell of marijuana. Moreover, the appellant testified that about ten days after his arrest Jones came to his house one afternoon and told the appellant that he had already been convicted on a couple of drug charges and would pay the appellant twenty-five hundred dollars to tell the police that it was the appellant's marijuana.
We distinguish this case from that of Radke v. State,52 Ala. App. 397, 293 So.2d 312, affirmed, 292 Ala. 290,293 So.2d 314 (1974). In Radke, after an officer opened a box containing the marijuana, that officer asked how much marijuana was in it. The appellant spontaneously exclaimed "twenty pounds". This court and the Alabama Supreme Court specifically found that for aught appearing from the evidence, the first time that the defendant knew of the presence of the marijuana was after it had been displayed to him by an officer. In Radke, the marijuana was contained in a box that was on a shelf in a storeroom of Burger Inn. It was concealed. The evidence of constructive possession consisted only in the presence of the accused and his statement as to the weight of the marijuana. The Supreme Court found that:
 "His expression of an opinion as to weight is consistent with a conclusion that he then, for the first time, learned of the presence of the marijuana, and, to say that such imported prior knowledge of its presence would indulge in speculation and surmise, which we certainly are not at liberty to do." Radke, 292 Ala. 293, 293 So.2d 317.
Here we have additional circumstances which change the complexion of the appellant's innocuous (under Radke)
statement. In addition to the mere presence of the accused we have the facts that the automobile was under his complete dominion and control; that the marijuana was open and in plain view; and that the interior of the car had a faint odor of the substance. This is not the case where the prohibited substance was concealed or in remote proximity to the appellant's sight or grasp.
The evidence presented raised a question of fact for the jury. Such evidence, if believed, is sufficient to support the conviction and the denial of a motion to exclude the state's evidence or the refusal to give the affirmative charge does not constitute error. Van Nostrand v. State, 56 Ala. App. 141,319 So.2d 760 (1975).
 II
The appellant submits that the trial court erred in refusing to instruct the jury as requested on the misdemeanor charge of possession of marijuana for personal use. He contends that he was entitled to the misdemeanor charge in view of the fact that there was simply no evidence of an intent to possession of the marijuana for resale and no testimony of any marijuana paraphernalia of any type being found in the vehicle operated by the appellant.
Section 401 of Act No. 1407, Vol. III, p. 2395, General Acts, 1971, (See Title 22, § 258 (47), 1973 Cumulative Supplement, Code of Alabama 1940) makes possession of marijuana (or any other controlled drug or substance) a felony, except "any person who possesses any marijuana for his personal use only is guilty of a misdemeanor. . . .".
The courts of this state have been somewhat reluctant to "adjudicate in the thorny thicket of provisos versus exceptions" and determine which party — the state or the defendant — has the burden to prove to the appropriate degree that the defendant did or did not have the marijuana for his personal use only. Knox v. State, 50 Ala. App. 494, *Page 93 280 So.2d 200 (1973); Garsed v. State, 51 Ala. App. 622,288 So.2d 161 (1973); Powers v. State, 49 Ala. App. 690,275 So.2d 369 (1973).
However in Corbin v. State, 55 Ala. App. 33, 312 So.2d 604
(1975), this court held that it is not necessary for the state to prove that possession of marijuana was for personal use, since possession for personal use is a defensive matter. Possession for personal use is the exception to Section 258 (47) and provides a lesser punishment for persons found in possession of marijuana for their personal use only on first conviction. Palmer v. State, 54 Ala. App. 707, 710-711,312 So.2d 399 (1975). Showing possession for personal use in a matter for defense and the burden of adducing evidence on this issue is upon the accused just as in a prosecution for the possession of prescribed drugs, the burden is on the accused to show that the drugs were lawfully prescribed. See Knox v.State, 50 Ala. App. 494, 280 So.2d 200 (1973). In a prosecution for the unlawful possession of morphine, the defendant has the burden of bringing himself within any exception or exemption provided under the statute creating the offense. Fuller v.State, 39 Ala. App. 219, 96 So.2d 829 (1957) citing authority at39 Ala. App. 221, 96 So.2d 829. The burden is on the accused to show that a statutory exemption or exception is applicable, and the state does not have the burden of proving that the accused does not come within excepted categories in the statute. 28 C.J.S. Drugs and Narcotics Supplement § 190 at p. 279.
Under § 258 (47) the degree of possession, whether a felony or a misdemeanor, depends upon the use of the marijuana and not the quantity involved. If for personal use only, the crime is a misdemeanor, otherwise a felony. Powers v. State, 49 Ala. App. 690, 275 So.2d 369 (1973).
 "We are not prepared to say that any given quantity of marihuana possessed marks a line between possession for personal use and possession for such other purpose as sale, barter, or gift." Corbin, supra, 55 Ala. App. 36, 312 So.2d 607.
Yet, the smaller the quantity of marijuana possessed, the more consistent it would be with personal use. Compare Powers, supra, where there was testimony that a matchbox of marijuana was the quantity "common for personal use", and Osner v. State,54 Ala. App. 520, 310 So.2d 241 (1974) stating: "To indulge in the speculation that 800 pounds of marijuana is for personal use only is to strain credulity almost to the breaking point".
The statute prohibits the possession of any amount of marijuana. The burden is upon the accused to show that the amount possessed, however large or small it may be, is for his personal use only. The state is not required to prove that the marijuana is possessed for the purpose of sale under an indictment charging, as here, mere possession. Title 22, § 258 (47).
Throughout the trial the appellant maintained that he had no knowledge of the presence of the marijuana in the automobile. Under such circumstances it would seem contradictory and incongruous for this court to hold that the appellant was entitled to an instruction on possession for personal use only, when the appellant never introduced any evidence on such point and never attempted to raise that defense. Gordon v. State,127 Ga. App. 308, 193 S.E.2d 255 (1972).
 III
The appellant contends that it was error for the trial court to overrule his motion to exclude the state's evidence based on an illegal search and seizure. The appellant maintains that there was no prior justification for the initial intrusion of the vehicle by the arresting officer.
There was testimony that the appellant was stopped for reckless driving after he had been observed speeding and weaving on the road. The appellant was lawfully stopped and apprehended for a traffic violation. Officer Owen testified that when he got in the automobile of the appellant in order to move the vehicle out of the path of traffic, he noticed the odor of *Page 94 
marijuana and "couldn't help but notice" the three paper sacks on the floorboard of the car on the front passenger's side. One of these sacks was open and Officer Owen observed marijuana stems "sticking out". The initial intrusion in this instance was justified because the officer had a duty to move the appellant's vehicle off the road in order to prevent a possible traffic hazard.[1] Additionally, a warrantless search of the vehicle would have been proper as there was probable cause to arrest the appellant because he appeared to be under the influence of alcohol. Annotation: Lawfulness of search of motor vehicle following arrest for traffic violation, 10 A.L.R.3d 314.
The marijuana was not obtained as the result of a search of the automobile as it was in plain view on the floor of the car.Parks v. State, 46 Ala. App. 722, 248 So.2d 761 (1971) citing cases at 46 Ala. App. 723, 248 So.2d 761. The motion to suppress this evidence was properly denied.
 IV
The appellant finally contends that the appellant's statement as to the weight of the marijuana was inadmissible because the appellant was highly intoxicated at the time the statement was made and because the appellant had not been advised of his constitutional rights.
There was evidence that the appellant had been advised of his rights both at the scene of his initial arrest and again at the police station. The statement was volunteered by the appellant and was not made in response to any interrogation. Thus theMiranda warnings were not required. Knox v. State, 50 Ala. App. 494, 280 So.2d 200 (1973).
There was no proof of intoxication amounting to "mania" or such an impairment of the will and mind as to make the person confessing unconscious of the meaning of his words. Absent such, the "confession" was admissible. Warren v. State,44 Ala. App. 221, 205 So.2d 916, cert. denied, 281 Ala. 725,205 So.2d 920 (1967); Edwards v. State, 56 Ala. App. 405,321 So.2d 744 (1975).
Having reviewed the complete record as required by law it is the opinion of this court that the judgment of the trial court is due to be and is hereby
AFFIRMED.
All Judges concur.
[1] See, Rollins v. City of Birmingham, 6 Div. 280, opinion issued March 1, 1977.