356 So.2d 672 (1977)
In re Claudia Mae WALKER
v.
STATE of Alabama.
Ex parte Claudia Mae Walker.
SC 2381.
Supreme Court of Alabama.
September 23, 1977.
Rehearing Denied November 4, 1977.
Sam L. Webb, Jr., of Callahan, Nichols & Webb, Tuscaloosa, for petitioner.
William J. Baxley, Atty. Gen. and Ellis D. Hanan, Asst. Atty. Gen., for the State, opposed.
ALMON, Justice.
Petitioner Claudia Mae Walker was convicted of unlawful possession of heroin in the Circuit Court of Tuscaloosa County. The Court of Criminal Appeals affirmed the conviction. Because this case involves an issue of first impression in this state, this court granted certiorari. We reverse.
Appellant was indicted by the grand jury on October 31, 1975, and convicted on January 16, 1976, of violating the Alabama Controlled Substances Act. Acts 1971, No. 1407, p. 2378; Code of Alabama 1940, Recompiled 1958, Tit. 22, § 258 (25 et seq.) (1973 Supp.). She was fined $1,500 and sentenced to 10 years and a day in prison.[1]
The sole issue before this court is whether knowledge is an essential element of the offense of illegal possession of a controlled substance under the Alabama Controlled Substances Act. The pertinent section of the Act provides:
"Except as authorized by this chapter, any person who possesses, sells, furnishes, gives away, obtains, or attempts to obtain by fraud, deceit, misrepresentation, or subterfuge, or by the forgery or alteration of a prescription or written order, or by the concealment of material fact, or by use of false name or giving a false address, controlled substances enumerated in schedules I, II, III, IV, [and] V is guilty of a felony . . . ." Ala. Code, Tit. 22, § 258(47)(1973).
On rehearing, the Court of Criminal Appeals made the following statement:
"The legislature made possession of the substance a criminal offense without regard to intent or knowledge of the person *673 in possession of the substance. The statute was passed in aid of the police power of the state, and it is significant that the law, supra, does not use the word `knowingly,' or other apt words to indicate that knowledge is an essential element of the crime charged. Allen v. State, 33 Ala.App. 70, 30 So.2d 479(4); Smith v. State, 223 Ala. 346, 136 So. 270, 271(4)."
Smith v. State, supra, upheld a misdemeanor conviction for giving false weight and measures in the sale of gasoline. Allen v. State, supra, upheld a misdemeanor conviction for selling adulterated milk. In both cases, the court held that under the police powers of the State, such a punishment could be imposed regardless of intent or knowledge.
It is undisputed that the State may enact laws for the public health and safety imposing strict liabilities without any element of scienter. Smith v. State, supra; Allen v. State, supra; e. g., United States v. Balint, 258 U.S. 250, 42 S.Ct. 301, 60 L.Ed. 604 (1922); United States v. Dotterweich, 320 U.S. 277, 64 S.Ct. 134, 88 L.Ed. 48 (1943). However, the legislative power to impose criminal sanctions to any conduct is restrained by the constitutional command that no person can be "deprived of life, liberty, or property, except by due process of law". Article I, § 6, Alabama Constitution of 1901; see Smith v. People, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1960).
It has become common to impose strict criminal liability in connection with a variety of regulatory statutes for violation of what are commonly called "public welfare offenses." Perkins, Criminal Law, 2d Ed., Ch. 7, Strict Liability (1969); Hall, General Principles of Criminal Law, 2d Ed., Ch. 10, Strict Liability (1960). The regulatory statutes encompass such fields as:
". . . (1) illegal sales of liquor; (2) sales of impure food or drugs; (3) sales of misbranded articles; (4) criminal nuisance; (5) traffic regulations; (6) motor vehicle laws, and (7) violations of general regulations, passed for the safety, health or wellbeing of the community." Perkins, supra, at 802.
Although it may be difficult to ascertain common features in the public welfare offenses, one author has made the following generalizations:
". . . First, many of the enactments apply not to the general public but only to certain traders, particularly to suppliers of food or drugs and vendors of alcoholic beverages. Others, having more general application as to potential offenders, are restricted to very few activities the operation of automobiles, safety of highways, hunting, fishing, and various health measures. Next, many of these regulations and the conditions of conforming to them presuppose a continuous activity, such as carrying on a business.. . . Third, the public welfare enactments are relatively new. They represent relatively recent adaptations to an intricate economy, including an impersonal market. . . . [F]ourth, the modern regulations are not strongly supported by the mores. Their occurrence does not arouse the resentment directed as the perpetrators of traditional crimes.. . . The above common attributes of large segments of the minor offenses which are subjected to strict liability indicate that this law was constructed to meet new, important social problems. . .." Hall, General Principles of Criminal Law, 2d Ed., supra, at 330-331.
The above demonstrates that the Alabama Controlled Substances Act is not the type of regulatory statute designed to impose criminal sanctions for the unknowing possession of forbidden substances. The penalty imposed for possession is severe two to fifteen years imprisonment and a fine not to exceed $25,000. Tit. 22, § 258(47).
In addition, Alabama cases dealing with the predecessor to the Controlled Substances Act proceeded on the assumption that knowledge is an essential prerequisite to conviction for possession. Radke v. State, 292 Ala. 290, 293 So.2d 314 (1974); Daniels v. State, 49 Ala.App. 654, 275 So.2d 169 (1973); Rueffert v. State, 46 *674 36, 237 So.2d 520 (1970); Parte v. State, 46 Ala.App. 722, 248 So.2d 761 (1971). Likewise, in the analogous area of laws concerning the possession of illegal alcoholic beverages, the courts have invariably considered knowledge to be an essential element of the offense. Davis v. State, 40 Ala.App. 609, 119 So.2d 236 (1960); Grimes v. State, 38 Ala.App. 94, 76 So.2d 684 (1954). Like the predecessor to the present Controlled Substances Act, the alcoholic beverage control laws contain no mention of knowing or willful possession. Tit. 29, § 98, Code of Alabama 1940, Recompiled 1958.
In such a case as this, the desirability of efficient enforcement of regulatory statutes must give way to the traditional requirement that criminal sanction be imposed only for blameworthy conduct in order to comply with the requirements of due process of law. Article 1, § 6, Alabama Constitution of 1901. We hold that knowledge is an essential element of the offense of illegal possession of a controlled substance under the Alabama Controlled Substances Act.
The judgment in this cause is hereby reversed and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C. J., and SHORES and EMBRY, JJ., concur.
BLOODWORTH, J., with whom MADDOX and BEATTY, JJ., concur, concurs specially.
BLOODWORTH, Justice (concurring specially).
I concur in Mr. Justice Almon's opinion for the majority, in both the rationale and in the holding, "that knowledge is an essential element of the offense of illegal possession of a controlled substance under the Alabama Controlled Substances Act." Thus, because of that part of the Court of Criminal Appeals' opinion on rehearing which is in conflict with our holding, I concur that the cause must be reversed and remanded to that court. However, I would add that I fully concur with that part of the Court of Criminal Appeals' opinion which holds that there was "probable cause" for the arrest, and sufficient evidence to go to the jury on the issue of possession and guilty scienter. Were it not for the erroneous holding on rehearing with respect to "knowledge," I would vote to affirm.
MADDOX and BEATTY, JJ., concur.
NOTES
[1] The facts of this case are reported in Claudia Mae Walker v. State, 356 So.2d 668, 1977, Ala.Crim.App. Ms.