The defendant was indicted and convicted for the unlawful possession of marijuana in violation of Alabama Code Section20-2-70 (1975). Sentence was three years' imprisonment. The only issue on appeal concerns the sufficiency of the evidence to support the conviction.
On the afternoon of June 6, 1981, Talladega County Sheriff Jerry Studdard and Deputy Sheriff Terry Brewer discovered a small cultivated marijuana patch in a wooded area of Talladega County. Hearing a chain saw in the distance, the two officers proceeded in that direction. On an old wooded log road, Sheriff Studdard discovered a pickup truck with several water jugs sitting behind it. He proceeded toward the sound of the chain saw, came upon a pile of brush and heard "mumbling" or talking.
As he "eased on up to the brush pile" his presence was discovered and a Robert Jones "jumped up with an ax out from behind the brush pile." The defendant was sitting on an ice cooler "right there together" with Jones. She was dressed in overalls. The Sheriff noticed the marijuana "field" behind them.
Deputy Brewer soon arrived with R.E. White who had been cutting down a tree with a chain saw one hundred to two hundred yards from where the defendant and Jones were discovered. Upon arrest, all three individuals refused to give their names.
The marijuana field was located at the end of an old log road about one and one-half miles from a house rented by White. A Mercury automobile with a Georgia tag *Page 1140 
and a motor home with a Florida tag were parked near this home. The truck was the only vehicle found in the woods.
The defendant was discovered sitting on an ice chest or cooler near the edge of a field of marijuana. No one saw her doing anything. The field was between one and one-half to two acres in size and contained over nine hundred marijuana plants ranging from twelve to eighteen inches high. Photographs show that the field was not the type of open field associated with agricultural farming. Instead, the marijuana was growing among the pine trees in woods from which the underbrush had been cleared.
The cooler on which the defendant was sitting contained some "pots and Marijuana plants and stuff." "Right around" the cooler were ten or twelve small marijuana plants growing in little cups or pots in a pasteboard box. Two marijuana cigarettes in a "rolled up" clear plastic bag were found a "couple of feet" from the cooler. Fertilizer and an ax were "sitting there at the cooler."
Although their specific location was not stated, also found in the field were "insecticide spray and chemicals and water in a sprayer", a chain saw, a power hole digger, four pairs of gloves, string and water jugs. Of the four pairs of gloves, two pairs were size small rubber gloves, pink and blue in color. A merchandise credit slip dated January 5, 1981, addressed to and signed by the defendant was also found somewhere at the scene. Although the prosecution attempted to show that this credit slip was found inside the cooler, that fact was not established by the testimony.
This constituted the evidence presented by the State. The defendant moved to exclude the State's evidence. In considering the question of whether the trial judge properly overruled that motion, we can only consider that evidence which was before the trial judge at the time the motion to exclude was made.Williams v. State, 340 So.2d 1144 (Ala.Cr.App.), cert. denied,340 So.2d 1149 (Ala. 1976).
The defendant testified in her own defense and stated that she had gone to the field to talk to Robert Jones to clear up an argument they had had. She denied ever having previously been to the field, stated that she had never seen marijuana before and disclaimed any knowledge of the illegal nature of the plants.
"Constructive possession exists when the defendant exercises, or has the power to exercise, dominion and control over the item." United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir. 1980); United States v. Phillips, 496 F.2d 1395, 1397 (5th Cir. 1974), cert. denied, 422 U.S. 1056, 95 S.Ct. 2680,45 L.Ed.2d 709 (1975). "Constructive possession may be determined by weighing those facts which tend to support the defendant's necessary control over the substance against those facts which demonstrate a lack of dominion and control." Roberts, 349 So.2d at 91. Generally see: Comment — Probability Theory AndConstructive Possession of Narcotics: On Finding That WinningCombination, 17 Houston L.Rev. 541 (1980); C. Whitebread R. Stevens, Constructive Possession in Narcotics Cases: To HaveAnd To Have Not, 58 Vir.L.Rev. 751 (1972); Note — Evidence —Elements of Constructive Possession of Narcotics, 8 Wake Forest L.Rev. 617 (1972); Note, Criminal Law — Narcotics —Conviction Reversed Where No Positive Showing of Dominion AndControl Over Drugs Or Premises — State v. Callahan, 77 Wn.Dec.2d 26, 459 P.2d 400 (1969), 46 Wn.L.Rev. 555 (1971).
Just as the mere presence of a person at the time and place of a crime is not sufficient to justify a conviction for the commission of that crime, Lollar v. State, 398 So.2d 400, 402
(Ala.Cr.App. 1981), so the mere presence of the accused in a place where a controlled substance is found is not in and of itself evidence of possession. Collins v. State,391 So.2d 1078, 1084-86 (Ala.Cr.App. 1980); Grissom v. State,386 So.2d 514 (Ala.Cr.App. 1980); Reed v. State, 368 So.2d 326
(Ala.Cr.App. 1979); Temple v. State, 366 So.2d 740, 742
(Ala.Cr.App. 1979); Shipman v. State, 51 Ala. App. 80, *Page 1141 282 So.2d 696, cert. denied, 291 Ala. 484, 282 So.2d 700 (1973); Pryor v.State, 48 Ala. App. 465, 265 So.2d 907 (1972); Parks v. State,46 Ala. App. 722, 248 So.2d 761 (1971). Mere presence is insufficient to establish constructive possession. Smith v.State, 351 So.2d 668 (Ala.Cr.App.), cert. denied, Ex parteSmith, 351 So.2d 675 (Ala. 1977); Roberts v. State,349 So.2d 89 (Ala.Cr.App.), cert. denied, Ex parte Roberts, 349 So.2d 94
(Ala. 1977); Cook v. State, 341 So.2d 183, 184 (Ala.Cr.App. 1977). Mere presence at a marijuana "patch" without some act showing dominion or control will not support a conviction for possession. Garsed v. State, 51 Ala. App. 622, 625,288 So.2d 161 (1973).
In reaching that conclusion, Garsed relied on a well settled principle of law:
 "The controlling rule in such cases is that mere presence of the defendant at a still on premises not his own will not warrant a conviction for the illegal possession thereof. There must be more, such as acts or conduct of defendant in or about the still or other incriminating evidence which indicates an interest in or that he is aiding or abetting in the possession."
 Hudson v. State, 249 Ala. 272, 273, 31 So.2d 774
(1947).
It should be noted that mere possession of a still is not a crime. Alabama Code Section 28-4-50 (1975). It is the possession of a still coupled with the fact that it is to be used for the purpose of manufacturing prohibited liquors or beverages, which constitutes the crime. Brock v. State,19 Ala. App. 124, 125, 95 So. 559 (1923).
However, one's unexplained presence is a factor to be considered by the jury in determining the guilt of the accused.United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754,13 L.Ed.2d 658 (1965); Ledcke v. State, 260 Ind. 382, 296 N.E.2d 412
(1973). It has been recognized that mere presence does establish a "material fact, which is the opportunity of defendant to commit the offense complained of." Lee v. State,18 Ala. App. 566, 567, 93 So. 59 (1922).
Guidelines for determining the sufficiency of the evidence in drug possession cases were summarized in United States v.Staten, 581 F.2d 878, 882-885 (U.S.App.D.C. 1978):
 "The governing procedural principle is well settled. A motion for a judgment of acquittal, we have said, `must be granted when the evidence, viewed in the light most favorable to the Government, is such that a reasonable juror must have a reasonable doubt as to the existence of any of the essential elements of the crime.' That guilt must be established beyond a reasonable doubt is `"a basic principle in our jurisprudence"', and unless that result is possible on the evidence, `"the judge must not let the jury act; he must not let it act on what would necessarily be only surmise and conjecture, without evidence."' But, as quite recently we re-emphasized, `"(i)t is only when there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt that the judge may properly take the case from the jury."' And `(i)n applying this standard no legal distinction is made between circumstantial and direct evidence.'"
* * * * * *
 "The possession vital to the convictions under review may, in familiar language, be either actual or constructive. It thus is unnecessary to show that the accused had the drug on his person or within his immediate reach; it is enough that he `was knowingly in a position or had the right to exercise dominion and control over' it, either directly or through others. Possession in that sense suffices though it is jointly shared, and it may be established by circumstantial as well as direct evidence.
 "We are aware of criticisms — on grounds of imprecision — of the constructive-possession doctrine, thus formulated, as a measure of the legal sufficiency of evidence to demonstrate drug-possession. We think, however, that this adjudicative standard becomes acceptable when it is realized that the critical inquiry for judges is whether the factfinder can reasonably conclude from the proof that the accused likely had some appreciable ability *Page 1142 
to guide the destiny of the drug. Even were we free to do otherwise, we would adhere to that concept in preference to artificial rules restricting evidence-sufficiency — rules that would inevitably invade the traditional province of the jury to assess the significance of circumstantial evidence, and to determine whether it eliminates all reasonable doubt as to whether the accused had that power."
* * * * * *
 "Rather, in full recognition of the increased difficulties that the Government then faces, we reiterate that the sufficiency of the evidence for jury consideration depends upon its capability plausibly to suggest the likelihood that in some discernible fashion the accused had a substantial voice vis-a-vis the drug.
 "Several usable guidelines emerge from the decided cases. Mere presence of the accused on the premises, or simply his proximity to the drug, does not itself enable such a deduction. Nor is mere association with another, standing alone, enough even when the other is known to possess the drug. But, as has frequently been held, presence, proximity or association may establish a prima facie case of drug-possession when colored by evidence linking the accused to an ongoing criminal operation of which that possession is a part."
(Footnotes citing authority omitted.)
Proximity to illegal drugs, presence on the property where they are located, or mere association with persons who do control the drugs may be sufficient to support a finding of possession when accompanied with testimony connecting the accused with the incriminating surrounding circumstances. United States v.Ratcliffe, 550 F.2d 431, 434 (9th Cir. 1976). "(T)he voluntary presence of the accused in an area obviously devoted to preparation of drugs for distribution is a circumstance potently indicative of his involvement in the operation."Staten, 581 F.2d at 885, n. 67, citing United States v. Davis, 183 U.S.App.D.C. 162, 562 F.2d 681 (1977).
Under the facts of this case the jury could quite reasonably infer that neither the defendant's presence on the premises, her proximity to the drugs nor her association with the two men at the scene was merely passive or innocent. The defendant's presence at the marijuana field "in the woods and in an isolated place is ground for grave suspicion, and it takes but little additional evidence to make it a jury question." Hill v.State, 22 Ala. App. 422, 423, 116 So. 411 (1928).
Although we would not undermine the rule in Garsed that mere presence at a marijuana patch will not support a conviction for possession, possession "can only be worked out from case to case rather than be deducible from the statement of an abstract general rule." Etheridge v. State, 42 Ala. App. 77, 78,152 So.2d 689 (1963). Precedent is easily distinguished from the case at hand by minute, yet crucial, differences in the facts and surrounding circumstances.
 "This general statement, while still adhered to, cannot be so extended as to invade the province of the jury in passing upon the guilt or innocence of a defendant, whose acts or conduct raises other presumptions tending to connect him with the manufacture of whiskey or the possession of a still. Wherever a defendant is shown to be present at a still, any fact or circumstance, however slight, tending to show participation either as a principal or as aider or abettor may authorize the jury to find a verdict of guilt which will not be disturbed on appeal."
 Elmore v. State, 21 Ala. App. 410, 411, 109 So. 114
(1926).
See also Coleman v. State, 394 So.2d 82, 85 (Ala.Cr.App. 1981).
Here, the jury could reasonably infer the defendant's involvement and participation in criminal activity from her presence at the scene; her proximity to the marijuana field, the potted marijuana plants, the marijuana cigarettes, the fertilizer and other implements and tools for planting and the fact that many of these items were found within her immediate reach; her dress; the rubber gloves; her association and *Page 1143 
proximity with the two men; the isolation of the field itself; and the facts that the defendant was sitting on an ice chest which contained pots and marijuana plants, and that potted marijuana plants were beside the cooler in plain view within her immediate reach.
"(T)he jury was entitled to ponder the interrelationship of all these evidentiary items." Staten, 581 F.2d at 878, n. 71;United States v. Smith, 171 U.S.App.D.C. 342, 520 F.2d 74, 76
(1975). "Circumstantial evidence sufficient to support a jury's finding of guilt may be found in the accumulation of several relatively insignificant pieces of evidence, or it may be presented in the form of a single highly significant or incriminating event." United States v. Morando-Alvarez,520 F.2d 882, 884-85 (9th Cir. 1975). In considering the weight to be given evidence, "courts and juries must use common sense, common reason, and common observation as well as a common knowledge of the usual acts of men and women under given circumstances." Thompson v. State, 21 Ala. App. 498, 499,109 So. 557 (1926).
Under the facts of this case, the defendant's guilt or innocence was a question for the jury. "(W)hen the presence of the accused at the scene is established and evidence of his knowledge of the presence of the prohibited substance is shown (even by circumstantial evidence), along with any other incriminating evidence, the issue of the defendant's guilt should be submitted to the jury." Radke v. State, 292 Ala. 290,292, 293 So.2d 314 (1974); Collier v. State, 413 So.2d 396, 402
(Ala.Cr.App. 1981), affirmed, 413 So.2d 403 (Ala. 1982); Lee v.State, 350 So.2d 743, 748 (Ala.Cr.App. 1977). While mere proximity to contraband is not enough to establish constructive possession, "where other circumstantial evidence . . . is sufficiently probative, proximity to contraband coupled with inferred knowledge of its presence will support a finding of guilt on such charges." United States v. Whitmire,595 F.2d 1303, 1316 (5th Cir. 1979). "(I)f presence at the time and place a crime is committed, in conjunction with other facts and circumstances tend to connect the accused with the commission of the crime, then the jury may find the accused guilty."Dolvin v. State, 391 So.2d 133, 137 (Ala. 1980); Kimmons v.State, 343 So.2d 542 (Ala.Cr.App. 1977). The standard in reviewing the sufficiency of the evidence "is not whether in our opinion the evidence and all reasonable inferences therefrom failed to exclude every hypothesis other than guilt, but rather whether there was evidence from which the jury might reasonably so conclude." Cumbo v. State, 368 So.2d 871, 874
(Ala.Cr.App. 1978).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.