The defendant was indicted and convicted for the unlawful possession of marijuana in violation of § 20-2-70, Code of Alabama (1975). His sentence was seven years' imprisonment. The only issue on appeal concerns the sufficiency of the evidence to support the conviction.
On the afternoon of June 6, 1981, Talladega County Sheriff Jerry Studdard and Deputy Sheriff Terry Brewer discovered a small cultivated marijuana patch in a wooded area of Talladega County. Hearing a chain saw in the distance, the two officers proceeded in that direction. While traveling on an old logging road, Sheriff Studdard came upon a blue pickup truck that was parked in the road. After proceeding a short distance further, he came upon a pile of brush from which he heard a "mumbling" sound or talking.
As he eased up to the brush pile, his presence was discovered and Robert Jones, the defendant, jumped up from behind the brush pile holding an ax. Sheriff Studdard drew his pistol and approached the defendant. Another person named Joyce German was discovered along with the defendant. After approaching the defendant and Ms. German, the Sheriff noticed marijuana plants growing in rows behind them. Shortly afterward, Deputy Brewer arrived with R.E. White, who had been cutting down a tree with a chain saw one hundred to one hundred fifty yards from where the defendant and Ms. German were discovered.
The marijuana field was located at the end of an old logging road about one mile from a house that had been rented by R.E. White. A Mercury automobile and a Winnebago motor home were parked at this house. The blue pickup truck was the only vehicle found in the woods.
The defendant, dressed in work clothes, was discovered near the edge of the field of marijuana but was not seen participating in the cultivation of the marijuana plants. The field contained over nine hundred marijuana plants ranging from five to eighteen inches high. Photographs show that the field was not the type of open field associated with agricultural farming. Instead, the marijuana was growing among pine trees in woods from which underbrush had been cleared.
An ice chest was found near the defendant as were ten or twelve small marijuana plants that were growing in little cups in a pasteboard box. Some of the marijuana plants were still in cups while others had already been placed in the ground. Some rolled marijuana cigarettes were also found at the scene. The officers found a gasoline-powered post hole digger, a chain saw, water jugs, amonium nitrate, axes, a machette, a rake and partially full gasoline cans. All of these items were found in the general vicinity of the defendant.
Mr. Frank Westley, owner of Ace Rentals in Anniston, Alabama, testified that he had rented the gas-powered post hole digger to two men prior to the raid on the marijuana field. He produced a rental contract for the post hole digger made out to the name of John Robert Jones. The signature on the rental contract read "J.R. Jones." After reading in the newspaper that the post hole digger had been confiscated, Mr. Westley stated that he contacted the Talladega County Sheriff's Department, which subsequently released the digger to him on July 9, 1981.
David Thorn of the Alabama Department of Forensic Sciences testified that he conducted an analysis on representative samples of the plants found there at the field. His analysis revealed that all of the plants sampled were marijuana.
This constituted the evidence presented by the State. The defendant moved to exclude the State's evidence and for a directed verdict. The trial court overruled both motions.
The defense called one witness, a co-defendant, Robert E. White. Mr. White testified that the day on which the defendant was arrested was the first time that the defendant had come out to his house. He stated further that the marijuana was his and that the defendant had nothing at all *Page 7 
to do with the field of marijuana that was being cultivated. He explained that he had asked the defendant to rent the hole digger since he (White) did not have a driver's license or credit cards for identification.
Appellant specifically contends that he was not in possession of any of the marijuana, nor was there any external manifestation by him showing any intent to control the same. There are three essential elements necessary for the proof of possession of controlled substances. Those elements are ". . . (1) actual or potential physical control (2) intention to exercise dominion and (3) external manifestation of intent and control." Lee v. State, 350 So.2d 743 (Ala.Cr.App. 1977); Cookv. State, 341 So.2d 183 (Ala.Cr.App. 1977), citing DeGruy v.State, 56 Ala. App. 521, 323 So.2d 406 (1975).
In a prosecution for unlawful possession of narcotics it is not necessary to prove manucaption but constructive possession may be shown, and where such possession is relied upon the State must also prove beyond a reasonable doubt that the accused knew of the presence of the prohibited substance.Daniels v. State, 275 So.2d 169 (Ala.Cr.App. 1973); Reuffert v.State, 46 Ala. App. 36, 237 So.2d 520 (1970).
Such guilty knowledge may be established by circumstantial evidence and guilt does not necessarily depend upon ownership.Parks v. State, 46 Ala. App. 722, 248 So.2d 761 (1971).
In German v. State, 429 So.2d 1138 (Ala.Cr.App. 1982), this court held:
 "Proximity to illegal drugs, presence on the property where they are located, or mere association with persons who do control the drugs may be sufficient to support a finding of possession when accompanied with testimony connecting the accused with the incriminating surrounding circumstances. United States v. Ratcliffe, 550 F.2d 431, 434 (9th Cir. 1976). `(T)he voluntary presence of the accused in an area obviously devoted to preparation of drugs for distribution is a circumstance potently indicative of his involvement in the operation.' Staten, 581 F.2d [878] at 885, n. 67, citing United States v. Davis, 183 U.S.App.D.C. 162, 562 F.2d 681
(1977)."
Here, the jury could reasonably infer the appellant's involvement and participation in criminal activity from his presence at the scene. The defendant's presence at the marijuana field in the woods and in an isolated place is ground for grave suspicion, and it takes but little additional evidence to make it a jury question. German v. State, supra. Appellant's proximity to the marijuana field; the potted marijuana plants; the marijuana cigarettes; the fact that appellant grabbed an ax and raised it when he was discovered by the Sheriff; the fact that the rental contract for the post hole digger was made out in his name and signed by him; the fertilizer and other implements for planting and the fact that many of these items were found within his immediate reach; his dress; his association with the man and woman found at the scene; the isolation of the field itself; and the fact that potted marijuana plants were in plain view within his immediate reach constitute sufficient evidence to make it a jury question.
This court in German v. State, supra, citing United States v.Morando-Alvarez, 520 F.2d 882, 884-5 (9th Cir. 1975), held that circumstantial evidence sufficient to support a jury finding of guilt may be found in the accumulation of several relatively insignificant pieces of evidence; or it may be presented in the form of a single highly significant or incriminating event. In considering the weight to be given evidence, courts and juries must use common sense, common reason, and common observation as well as a common knowledge of the usual acts of men and women under given circumstances. German v. State, supra; Thompson v.State, 21 Ala. App. 498, 499, 109 So. 557 (1926).
In the case at bar, appellant's guilt or innocence was a question for the jury. When the presence of the accused at the scene is established and evidence of his knowledge of the presence of the prohibited substance is shown (even by circumstantial *Page 8 
evidence), along with any other incriminating evidence, the issue of the defendant's guilt should be submitted to the jury.German v. State, supra; Radke v. State, 292 Ala. 290, 292,293 So.2d 314 (1974); Collier v. State, 413 So.2d 396, 402
(Ala.Cr.App. 1981), affirmed, 413 So.2d 403 (Ala. 1982); Lee v.State, 350 So.2d 743, 748 (Ala.Cr.App. 1977).
The standard in reviewing the sufficiency of the evidence is not whether in our opinion the evidence and all reasonable inferences therefrom failed to exclude every hypothesis other than guilt, but rather whether there was evidence from which the jury might reasonably so conclude. German v. State, supra;Cumbo v. State, 368 So.2d 871, 874 (Ala.Cr.App. 1978).
We have carefully searched the record for errors injuriously affecting the substantial rights of the appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.